**Charles RICKS, Plaintiff,**

v.

**RIVERWOOD INTERNATIONAL CORPORATION, Paul Watkins, in his capacity as Employee Relations Manager of Riverwood International Corporation, Defendants.**

**Civ. No. 91–1062.**

United States District Court,
W.D. Arkansas,
El Dorado Division.

Jan. 27, 1992.

84

Cathleen V. Compton, El Dorado, Ark., for plaintiff.

Peyton Lacy, Jr., Birmingham, Ala., Norwood Phillips, El Dorado, Ark., for defendants.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

Before this court is a motion for summary judgment filed by the defendants on October 30, 1991. A response was filed by the plaintiff on November 4, 1991. The defendants filed a reply brief on December 2, 1991. This matter is ripe for determination.

The defendants seek summary judgment as to the corporation and as to Paul Watkins, Employee Relations Manager for Riverwood International Corporation ("Riverwood"). The plaintiff conceded in his response to the motion for summary judgment that he could not proceed with his claim against Mr. Watkins. The parties agree that the cause of action brought by the plaintiff should be directed solely at Riverwood. The defendants' motion for summary judgment should be granted as to Paul Watkins pursuant to the agreement of the parties.

The remaining defendant, Riverwood, also seeks summary judgment. The plaintiff contests Riverwood's motion arguing that significant factual disputes exist.

Riverwood correctly asserts that this court must follow the time honored formula of *McDonnell Douglas—Burdine*.[1] The burden of proof is upon the plaintiff to establish a prima facie case of discrimination. Then, if the plaintiff has met this burden the defendant attempts to show a legitimate, nondiscriminatory reason for the plaintiff's termination. Finally, the

plaintiff must demonstrate that the alleged nondiscriminatory reason is pretextual in nature.

The plaintiff is black, qualified for his position and was terminated. The plaintiff asserts that he was treated differently from a similarly situated white employee named Ben Seagraves. Both men were convicted of felonies, but Seagraves was retained at Riverwood and the plaintiff was terminated. The court notes that the plaintiff has established a prima facie case of discrimination.

A prima facie case of discrimination consists of proof that the plaintiff is a member of a protected class, and that an adverse employment action was taken against the plaintiff in circumstances from which an inference of unlawful discrimination arises. [citations omitted] An inference of discrimination is commonly raised in these cases by proving disparate treatment. A plaintiff proves disparate treatment by showing that he was treated less favorably than similarly situated employees who are not in plaintiff's protected class.

*Johnson v. Legal Services of Arkansas, Inc.*, 813 F.2d 893, 896 (8th Cir.1987); *See Brousard–Norcross v. Augustana College Ass'n*, 935 F.2d 974 (8th Cir.1991); *Bennett v. Hot Springs County Sheriff's Dept.*, 838 F.2d 291 (8th Cir.1988).

Riverwood argues that Seagraves and the plaintiff are not similarly situated. The facts about the similar situation of these two men are in dispute.

The plaintiff began working for the defendant in 1965. In 1988 the plaintiff was convicted on misdemeanor level possession of marijuana. Paul Watkins, Employee Relations Supervisor for Riverwood, stated by affidavit that the plaintiff received a warning after the misdemeanor conviction. "He was informed by me in the presence of his union steward that if he were involved in other drug-related problems with the law, he would be terminated." (Affidavit of

---

1. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); and *Texas Department of Community Affairs v. Bur-* *dine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

Paul Watkins, p. 2–3)[2] In his deposition the plaintiff stated that he did not recall a warning from Mr. Watkins after the misdemeanor conviction and that he did not recall the presence of a union steward. Any warning to the plaintiff following the misdemeanor conviction is disputed by the deposition testimony of the plaintiff.

The plaintiff received a suspended sentence and a fine for his misdemeanor conviction. Three years later, the plaintiff was convicted of felony possession of marijuana. He was terminated by Riverwood shortly thereafter.

Mr. Seagraves has been employed with Riverwood since 1983. He was convicted on a felony in Louisiana. The plaintiff must establish that he and Mr. Seagraves were "similarly situated", but treated differently by their employer. The plaintiff must also establish that the plaintiff's criminal activity and Mr. Seagraves' criminal activity was of "comparable seriousness". *Lanear v. Safeway Grocery*, 843 F.2d 298 (8th Cir.1988); citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973).

It is difficult to compare the felonies that the plaintiff and Seagraves committed. The plaintiff possessed marijuana. Seagraves' crime is not as simply defined. In the brief supporting the motion for summary judgment Seagraves' crime is described as threatening a fourteen year old boy with a firearm and homosexual approaches towards a young man. In the responses to the plaintiff's requests for admissions the defendants' state that the boy in question was thirteen years old. The affidavit of Paul Watkins states that Seagraves was convicted of "armed false imprisonment of a thirteen (13) year old juvenile."

The question of whether the two offenses that Seagraves and the plaintiff committed are capable is not resolved by the record that has been established thus far. Both should be of concern to an employer. Riverwood argues in its brief that it has a strict anti-drug policy and that the plaintiff's drug possession was "an indirect threat to Riverwood's overall employment policies."

Seagraves' conduct could be described as indicia of violent behavior and a propensity for sexual misconduct with minors. Such behavior from employees might also threaten Riverwood's employment policies. There is nothing in the record that demonstrates that either employee conducted themselves inappropriately in the workplace. The distinction that Riverwood wishes to draw between the seriousness of the offenses committed by these two men is remarkably subtle. The different treatment received by Seagraves and the plaintiff at the hands Riverwood raises many questions. The court will benefit from a trial to allow ample testimony on these contested issues.

There are facts in dispute as to any warning the plaintiff received between his misdemeanor and felony conviction. There are facts in dispute as to whether Ben Seagraves, a white convicted felon, and the plaintiff are "similarly situated" in the context of the plaintiff's disparate treatment claim. Summary judgment is to granted only when there is no genuine issue as to any material fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Brousard–Norcross v. Augustana College*, 935 F.2d at 976.

The defendants' motion for summary judgment as to the individual defendant, Paul Watkins, should be granted. The defendants' motion for summary judgment as to Riverwood should be denied.

2. The affidavits of Paul Watkins and Charles Lawrence were filed with the defendants' motion for summary judgment. A portion of the plaintiff's deposition was also filed to support the defendants' motion for summary judgment.