**Charles RICKS, Plaintiff–Appellant,**

v.

**RIVERWOOD INTERNATIONAL CORP., Defendant–Appellee.**

No. 93–3962.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1994.

Decided Oct. 27, 1994.

Cathleen V. Compton, El Dorado, AR, argued, for appellant.

Peyton Lacy, Jr., Birmingham, AL, argued (Norwood Phillips, El Dorado, AR, on the brief), for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and MELLOY,* Chief District Judge.

MELLOY, Chief District Judge.

Charles Ricks appeals the decision of the district court [1] which found in favor of Riverwood International Corporation on Ricks' Title VII claim, 782 F.Supp. 83. We affirm.

## I. Background

Charles Ricks, a black male, had worked at the Riverwood International Corporation (Riverwood) sawmill since 1965. In 1988, Ricks was convicted of a misdemeanor for possession of marijuana. Following this conviction, Paul Watkins, Riverwood's Employee Relations Supervisor and Bruce Hursey, the Plant Manager, counseled Ricks and advised him that another drug conviction could jeopardize his employment.

On February 26, 1991, Ricks pled guilty to felony possession of marijuana. The court gave him a suspended one year sentence and placed him on five years probation. On February 27, 1991, Riverwood, in a letter signed by Watkins, terminated Ricks' employment citing Ricks' felony conviction and a company rule as the reason. Riverwood had a written rule stating that a felony conviction is justification for severe disciplinary action, up to and including, termination. The company rules state that they are general guidelines and not intended to be all inclusive.

Ben Seagraves, a white male employee, was convicted of the felony of armed false imprisonment of a 13 year old boy in Louisiana.[2] The state sentenced him to an eigh-

---

* The HONORABLE MICHAEL J. MELLOY, Chief United States District Judge for the Northern District of Iowa, sitting by designation.

1. Jimm Larry Hendren, District Court Judge for the Western District of Arkansas.

2. The evidence before the district court judge of the activity underlying this conviction was that

Seagraves was attempting to scare the boy. Apparently the boy had skateboarded into the street in front of Seagraves' car, Seagraves pulled over, pointed a gun at the boy and threatened him in an attempt to scare him into never skateboarding in the street again.

teen month sentence of which Seagraves served approximately one month. The court also ordered Seagraves to pay $3500 in restitution. The sawmill superintendent at the time of Seagraves' offense wrote a letter allowing Seagraves to retain employment at Riverwood if he missed no more than a month of work. The superintendent wrote:

> Against company policy, I have held his job open for and put him on personal leave of absence, not to exceed Dec. 31. I do this only because of his good work record and the fact that I feel that Ben is a good kid. If Ben has not returned by Jan. 1, I have no choice but to terminate his employment.

In deciding whether to terminate Ricks, Charles Lawrence, the new plant manager, conferred with Watkins. Watkins advised that Ricks should be fired as the activity underlying Ricks' conviction was potentially more dangerous to Riverwood employees than the activity underlying Seagraves' conviction. The district court found that Lawrence terminated Ricks because of his good faith belief that Ricks and Seagraves were not similarly situated due to Ricks' multiple convictions, his previous warning and the fact that Ricks' crimes were drug related.

The district court analyzed this case as a disparate treatment case under *McDonnell Douglas' Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The court followed the three-stage framework of *McDonnell*, finding (1) Ricks had proven a prima facie case, (2) Riverwood offered a legitimate and nondiscriminatory reason for Ricks' termination and (3) Ricks did not meet his ultimate burden of showing intentional discrimination.

## II. Discussion

The parties do not dispute that Ricks proved a prima facie case of discrimination in that (1) he was a member of a protected class, (2) he was performing his job satisfactorily, and (3) he was discharged. Thus, defendant had the burden of presenting evidence of a legitimate and nondiscriminatory reason for Ricks' discharge. The trial court found that Riverwood met this burden when it presented evidence that it had terminated

Ricks because of Riverwood's policy of terminating employee's who were convicted of felonies. The district court then concluded that Ricks had not met his burden of showing intentional discrimination as Ricks had failed to show that he was similarly situated with Seagraves, a white employee, who had been treated more favorably.

Ricks contends that the district court erred when it found (1) that Riverwood's stated reasons for termination were not pretextual, (2) that Ricks and Seagraves were not similarly situated, and (3) that Riverwood had not intentionally discriminated against Ricks. Ricks also appealed on other grounds, however, those issues are foreclosed by the decision in *Landgraf v. USI Film Products*, —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), and need not be reviewed here.

■ The district court's findings of fact are subject to the clearly erroneous standard of review. Fed.R.Civ.P. 52(a); *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id*, at 574, 105 S.Ct. at 1512. Likewise, a factual finding that is supported by substantial evidence on the record cannot be clearly erroneous. *Johnson v. Arkansas State Police*, 10 F.3d 547 (8th Cir.1993).

### A. Pretext

■ Ricks contends that the district court's finding that Riverwood's proffered reason for Ricks' termination was not pretextual is clearly erroneous as (1) in Rick's letter of termination, it was not mentioned that he was terminated due to the seriousness of his offense, and (2) there is no proof that at the time of the termination, Riverwood supervisors considered anything other than the fact that Ricks had been convicted of a felony. However, there was trial testimony that Lawrence and Watkins considered the fact of Ricks' previous warning, and the fact that Ricks' criminal activity involved drugs when they determined that Ricks should be terminated. The district judge's

acceptance of this testimony is not clearly erroneous as there was no extrinsic evidence to the contrary.

### B. Similarly Situated

 In finding that Ricks and Seagraves were not similarly situated, the district court held:

> "The differences between Ricks and Seagraves are justified since Ricks' crime was drug related and more dangerous to workers than that of Seagraves.... Also, the evidence shows that Ricks had been previously convicted of a misdemeanor and had been previously warned about future misconduct; Seagraves had, to defendant's knowledge, no other convictions and was not counseled after his armed false imprisonment conviction."

Ricks argues that two of these findings, that Ricks had previously been warned, and that drug convictions were more dangerous to workers than a weapons conviction, were clearly erroneous. Ricks asserts that his testimony that he was not warned was more credible than the testimony of the Riverwood managers who stated they had warned Ricks. However, it can rarely be clear error when a finding is based on a judge's decision to credit the testimony of a witness who has told a "coherent and facially plausible story" that is not contradicted by extrinsic evidence. *Anderson v. Bessemer City*, 470 U.S. at 575, 105 S.Ct. at 1512. As there was no extrinsic evidence to contradict the finding, we do not find it clear error that the district judge credited the testimony that Ricks had been warned.

 Ricks' next argument, that it was clearly erroneous for the district judge to find that there was a distinction between the seriousness of his crime and Seagraves' crime, also fails. The burden is on the plaintiff to prove he was similarly situated in all relevant respects to a more favorably treated employee. *Hayes v. Invesco, Inc.*, 907 F.2d 853, 856 (8th Cir.1990). Where the employer has terminated a plaintiff due to acts of the plaintiff, the plaintiff has the burden of showing that his and the more favorably treated employee's acts were of "comparable serious-

ness." *Id.*; *Lanear v. Safeway Grocery*, 843 F.2d 298, 301 (8th Cir.1988).

 The district judge had sufficient evidence before him to conclude that a drug conviction was potentially more serious to Riverwood employees than Seagraves' crime. Watkins testified that drugs are an extreme hazard due to the types of machinery present in the sawmill and the dangerous activity going on there. Further, Riverwood had a policy against drug use and required potential new employees to be tested for drugs. Based on this evidence, it was not clearly erroneous for the court to find that Ricks' crime involving drugs was distinguishable from Seagraves' crime.

Finally, Ricks argument of intentional discrimination must also fail as it was based on his assertion that he and Seagraves were similarly situated. Because we have upheld the district court's decision that Ricks and Seagraves were not similarly situated, we affirm the district court's finding of no intentional discrimination.

The district court's finding for Riverwood International Corporation at trial is AFFIRMED.