IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 02-1185 

════════════
 
Ysleta 
Independent School District, Petitioner,
 
v.
 
Gustavo 
Monarrez & Jose Rodriguez, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Eighth District of Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
Justice Willett did not participate in 
the decision.
 
In 
this wrongful termination suit, we consider whether there is legally sufficient 
evidence that Ysleta Independent School District (the “District”) engaged in 
gender discrimination when it fired two male employees for violating time clock 
procedures. The court of appeals held that the evidence was sufficient. ___ 
S.W.3d at ___. We disagree, and we reverse.
Gustavo 
Monarrez and Jose Rodriguez were employed as bus mechanics with the District. 
They were paid an hourly wage, which required them to submit time cards. One day 
after work, they went to a bar, and after an evening of drinking, Rodriguez was 
concerned about showing up for work timely the next morning. He asked Monarrez 
to punch his time card at work the next day if Rodriguez was late. Monarrez 
agreed. The next day, Monarrez reported to work and clocked-in for himself and 
Rodriguez. Later that morning, Rodriguez called Monarrez and told him he would 
not make it to work that day. At the end of the shift, Monarrez clocked-out both 
himself and Rodriguez, making it appear as if both men had worked a full day. 
Several days later, both men went to their supervisor and admitted violating the 
time clock procedures. The incident was reported up the chain of command, and a 
review committee recommended that both men be terminated for their misconduct. 

Monarrez 
and Rodriguez sued, alleging gender discrimination in violation of the Texas 
Commission on Human Rights Act. They asserted that they had been treated more 
harshly than females in their department, identifying several female employees 
at trial who had clocked-in for co-workers but had not been terminated for their 
actions. The trial court rendered judgment on a verdict, awarding Monarezz 
$43,900 in lost wages and $175,000 for mental anguish and awarding Rodriguez 
$74,000 in lost wages and $175,000 for mental anguish. The trial court also 
awarded $30,000 in attorneys= 
fees. The court of appeals affirmed, ___ S.W.3d at ___, and the District sought 
our review.
The 
District claims that the evidence is legally insufficient to support a claim of 
gender discrimination. We review the evidence in the light most favorable to the 
verdict, disregarding all contrary evidence that a reasonable jury could have 
disbelieved. City of Keller v. Wilson, ___ S.W.3d ___, ___ (Tex. 
2005).
The 
Texas Commission on Human Rights Act (the “Act”) prohibits discrimination in 
employment based on “race, color, disability, religion, sex, national origin, or 
age.” Tex. Labor Code § 21.051. 
To prevail on a claim of gender discrimination, the plaintiffs had to prove that 
(1) they were members of a class protected by the Act (males); (2) they were 
qualified for their positions; (3) they were terminated; and (4) they were 
treated less favorably than similarly situated members of the opposing class 
(females). See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 
133, 142 (2000); Romo v. Tex. Dep=t 
of Transp., 48 S.W.3d 265, 270 (Tex. App.CSan 
Antonio 2001, no pet.). The District argues that there was no evidence that the 
female employees, who were not disciplined for time card violations, were 
similarly situated.
We 
have not previously considered what it means to be “similarly situated” in an 
employment discrimination context. The Act was expressly enacted to “provide for 
the execution of the policies of Title VII of the Civil Rights Act of 1964 and 
its subsequent amendments.” Tex. Labor 
Code § 21.001(1). Because “[t]he Legislature intended to correlate state 
law with federal law in employment discrimination cases,” we turn to analogous 
federal case law for guidance. Wal-Mart Stores, Inc. v. Canchola, 121 
S.W.3d 735, 739 (Tex. 2003); NME Hosp., Inc. v. Rennels, 994 S.W.2d 142, 
144 (Tex. 1999). Employees are similarly situated if their circumstances are 
comparable in all material respects,[1] 
including similar standards, supervisors, and conduct.[2] 
To prove discrimination based on disparate discipline, the disciplined and 
undisciplined employees= 
misconduct must be of “comparable seriousness.”[3] 
Although “precise equivalence in culpability between employees is not the 
ultimate question,” McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 
283 n.11 (1976), the Fifth Circuit has held that to prove discrimination based 
on disparate discipline, the plaintiff must usually show “that the misconduct 
for which [he] was discharged was nearly identical to that engaged in by a 
[female] employee whom [the company] retained.” Smith v. Wal-Mart Stores, 
Inc., 891 F.2d 1177, 1180 (5th Cir. 1990) (quoting Davin v. Delta Air 
Lines, Inc., 678 F.2d 567, 570 (5th Cir. 1982)). 
In 
the District=s 
transportation department, all mechanics were male, and all bus drivers and bus 
attendants were female. Monarrez and Rodriguez offered evidence that several 
female employees had been reprimanded for time card violations, but none had 
ever been terminated for this reason. There was also evidence that some time 
card violations had gone unpunished. The District argues, however, that these 
other time card violations were materially different from the present situation. 
In each instance in which a female employee received a written warning, the 
employees involved appeared for work. Moreover, testimony at trial indicated 
that female employees occasionally clocked-in for one another merely for the 
sake of convenience. Thus, the District concludes that the nature and degree of 
the time card violations for which female employees received written or verbal 
reprimands cannot be compared to the present violations. We agree. There is no 
evidence that the time card violations by females included a conspiracy to 
conceal another employee=s 
absence from work. Thus, even though the female employees worked in the same 
department and were subject to the same time clock rules, there is no evidence 
that their respective misconduct was of “comparable seriousness.” 
Accordingly, 
without hearing oral argument, we reverse the court of appeals= 
judgment and render judgment that Monarrez and Rodriguez take nothing.[4] 
Tex. R. App. P. 59.1.
 
Opinion 
delivered:     August 
26, 2005
 
 




[1] See, e.g., Gilmore v. AT & T Corp., 
319 F.3d 1042, 1046 (8th Cir. 2003); Peters v. Renaissance Hotel Operating 
Co., 307 F.3d 535, 546 (7th Cir. 2002) (quoting Radue v. 
Kimberly-Clark Corp., 219 F.3d 612, 618 (7th Cir. 2000)); Graham v. Long 
Island R.R., 230 F.3d 34, 39 (2d Cir. 2000); Alexander v. Fulton 
County, 207 F.3d 1303, 1346 (11th Cir. 2000); Rodriguez-Cuervos v. 
Wal-Mart Stores, Inc., 181 F.3d 15, 21 (1st Cir. 1999); Mitchell v. 
Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992).

[2] Vasquez v. County of Los Angeles, 349 F.3d 634, 
642 (9th Cir. 2003) (quoting Hollins v. Atlantic Co., 188 F.3d 652, 659 
(6th Cir. 1999)); Gilmore, 319 F.3d at 1046; Renaissance Hotel, 
307 F.3d at 546 (quoting Radue, 219 F.3d at 618); Hollins, 188 
F.3d at 659 (quoting Mitchell v. Toledo Hospital, 964 F.2d 577, 583 (6th 
Cir. 1992)).

[3] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 
804 (1973); Anderson v. WBMG-42, 253 F.3d 561, 565 n.2 (11th Cir. 2001) 
(“The Supreme Court has observed that ‘precise equivalence in culpability 
between employees is not the ultimate question= and, therefore, has directed the emphasis of the fact 
finder's inquiry to the question of ‘comparable seriousness.=“); Graham, 230 F.3d at 40 (“That an 
employee=s conduct need not be identical to that of another for 
the two to be similarly situated is also reflected in the language of 
McDonnell Douglas, where the Supreme Court used the phrase ‘comparable 
seriousness= to identify conduct that might help to support the 
inference of discrimination.”); Hollins, 188 F.3d at 659 (“The Supreme 
Court has noted that in comparing employment discipline decisions, ‘precise 
equivalence in culpability between employees= is not required. Rather, the plaintiff must simply show 
that the employees were engaged in misconduct of ‘comparable 
seriousness.=“) (quoting Harrison v. Metropolitan 
Gov=t of Nashville and Davidson County, 80 F.3d 1107, 1115 (6th Cir. 1996), overruled on 
other grounds by Jackson v. Quanex Corp., 191 F.3d 647, 667 (6th Cir. 
1999)); Ricks v. Riverwood Int=l Corp., 38 
F.3d 1016, 1019 (8th Cir. 1994) (“Where the employer has terminated a plaintiff 
due to acts of the plaintiff, the plaintiff has the burden of showing that his 
and the more favorably treated employee=s acts were of ‘comparable seriousness.=“ ); McAlester v. United Air Lines, Inc., 851 
F.2d 1249, 1261 (10th Cir. 1988) (“It is sufficient if these employees did acts 
of comparable seriousness.”); Lanear v. Safeway Grocery, 843 F.2d 298, 
301 (8th Cir. 1988) (“Plaintiff must establish that the other 
employee=s acts were of ‘comparable seriousness= to his own infraction.”); Corley v. Jackson Police 
Dep=t, 566 F.2d 
994, 998 (5th Cir. 1978) (“Especially relevant . . . would be evidence that . . 
. employees involved in acts against (the employer) of comparable seriousness . 
. . were nevertheless retained or rehired . . . .”).

[4] The court of appeals concluded that the District only 
appealed the awards of mental anguish damages and attorneys= fees. ___ S.W.3d at ___ n.1. We disagree. The notice of 
appeal was worded generally, and the prayer for relief in the court of appeals 
asked the court to “reverse the judgment of the trial court and render judgment 
in its favor,” and only “[i]n the alternative” to reverse only the mental 
anguish damages. The District prayer to this Court was substantially the 
same.