Opinion issued August 2, 2007

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01107-CV






MICHAEL ROSENBLATT, Appellant


V.


FREEDOM LIFE INSURANCE COMPANY OF AMERICA, Appellee






On Appeal from the 295th District Court

Harris County, Texas

Trial Court Cause No. 2001-47519





O P I N I O N


 This is a single-issue appeal premised on a partial reporter's record. See Tex.
R. App. P. 34.6(c)(1). Appellant, Michael Rosenblatt, challenges denial of his motion
to set aside jury findings that resulted in no recovery on Rosenblatt's request for an
award of attorneys' fees. Rosenblatt contends that an award of $500,000 in attorneys'
fees was proper, notwithstanding the jury's verdict, and contends that we are
compelled to render judgment in his favor as a matter of law, because (1) he was
statutorily entitled to attorneys' fees and (2) the evidence supporting his request for
attorneys' fees is uncontroverted. See Tex. R. Civ. P. 301 (authorizing judgment
notwithstanding verdict). Because Rosenblatt seeks only rendition, and not a remand
for trial, we conclude there is no reversible error and affirm. 

Background


 Rosenblatt is a former agent for appellee, Freedom Life Insurance Company
of America. (1) After sustaining injuries in a July 1999 automobile accident, Rosenblatt
asserted claims for healthcare benefits from Freedom Life. Rosenblatt sued Freedom
Life, seeking damages for the company's delays in investigating his claims and in
paying him compensation. 

 Rosenblatt filed suit on September 1, 2001 and amended his pleadings six
times to assert varied common-law theories and multiple claims under the Insurance
Code and the Deceptive Trade and Consumer Practices Act. Freedom Life obtained
a partial summary judgment that narrowed these claims before the seven-day trial
began, and the disputed issues narrowed further during trial. The case was ultimately
submitted to the jury on Rosenblatt's common-law claim for bad faith and his claim
that Freedom Life violated former article 21.21, section 4(10)(a)(v)(A) of the
Insurance Code and committed an unfair settlement practice by failing to affirm or
deny coverage within a reasonable time. (2) 

 The jury rejected Rosenblatt's common-law claim, but found, in response to
the Insurance Code question, that Freedom Life "fail[ed] to affirm or deny coverage
of a claim within a reasonable time." The jury awarded Rosenblatt $10,000 in
damages for future physical impairment and $20,000 for conduct committed
knowingly. The jury awarded no damages for past and future mental anguish,
physical pain, medical bills, and past physical impairment. In addition, and as
challenged here, the jury awarded no ("zero") damages, in response to a three-pronged question concerning attorneys' fees, for trial, appeal to this Court, and appeal
to the Supreme Court of Texas. 

 After denying motions to disregard the jury's findings filed by both parties, the
trial court rendered judgment for Rosenblatt for $10,000 for future damages and
$20,000 in additional damages, plus interest and costs. Rosenblatt did not file a
motion for new trial. 

Legal Sufficiency Challenge to "Zero" Damages for Attorneys' Fees


 In his sole issue on appeal, Rosenblatt contends he is entitled to judgment as
a matter of law because no evidence supports the jury's failure to award any damages
in response to the question concerning attorneys' fees. Rosenblatt preserved this
issue for appeal through his motion to disregard the jury's failure to award any
amount for attorneys' fees at trial. In the motion, as here, Rosenblatt argued that the
trial court was compelled to disregarded the jury's zero findings and to render
judgment for statutorily authorized attorneys' fees of $500,000. (3) 

A. Standard of Review 

 A trial court may disregard a jury's verdict and render judgment
notwithstanding the verdict pursuant to rule 301 if no evidence supports the jury's
findings or if a directed verdict would have been proper. Tiller v. McLure, 121
S.W.3d 709, 713 (Tex. 2003); Brown v. Bank of Galveston, N.A., 963 S.W.2d 511,
513 (Tex. 1998); Williams v. Briscoe, 137 S.W.3d 120, 124 (Tex. App.--Houston
[1st Dist.] 2004, no pet.). A challenge to a ruling on a judgment notwithstanding the
verdict requires "no evidence," i.e., legal-sufficiency review. See Wal-Mart Stores,
Inc. v. Miller, 102 S.W.3d 706, 709 (Tex. 2003); Williams, 137 S.W.3d at 124; see
also City of Keller v. Wilson, 168 S.W.3d 803, 823 (Tex. 2005) ("[T]he test for legal
sufficiency should be the same for summary judgments, directed verdicts, judgments
notwithstanding the verdict, and appellate no-evidence review."). (4) 

 As the party seeking attorneys' fees, who therefore carried the burden of proof,
see Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex. 1991), Rosenblatt
must demonstrate on appeal that the evidence conclusively established all vital facts
in support of his claim as a matter of law. Sterner v. Marathon Oil Co., 767 S.W.2d
686, 690 (Tex. 1989); accord Cale's Clean Scene Carwash, Inc. v. Hubbard, 76
S.W.3d 784, 786 (Tex. App.--Houston [14th Dist.] 2002, no pet.) ("A trial court may
disregard a jury's negative finding and substitute its own affirmative finding only if
the evidence conclusively establishes the affirmative finding."). In reviewing a legal-sufficiency challenge by the party who had the burden of proof at trial, the dispositive
inquiry is whether the record establishes a proposition that contradicts the jury's
finding as a matter of law. See Sterner, 767 S.W.2d at 690. Only then may we
sustain the legal-sufficiency challenge. See id. City of Keller confirms the four
instances in which a legal sufficiency challenge must be sustained, as follows: (1)
there is complete absence of a vital fact; (2) the rules of law or evidence preclude
according weight to the only evidence offered to prove a vital fact; (3) the evidence
offered to prove a vital fact is no more than a scintilla; and (4) the evidence
conclusively establishes the opposite of a vital fact. 168 S.W.3d at 810 & n.16 (Tex.
2005) (citing, among other cases, King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751
(Tex. 2003)). 

 In applying the legal-sufficiency standard, we must credit evidence that
supports the judgment if reasonable jurors could credit that evidence, and we must
disregard contrary evidence unless reasonable jurors could not disregard that
evidence. City of Keller, 168 S.W.3d at 827. Accordingly, we review the evidence
in the light most favorable to the verdict, but disregard all contrary evidence that a
reasonable jury could have disbelieved. Ysleta Indep. Sch. Dist. v. Monarrez, 177
S.W.3d 915, 917 (Tex. 2005) (citing City of Keller, 168 S.W.3d at 812). If the
evidence falls within the zone of reasonable disagreement, we may not invade the role
of the fact-finder, who alone determines the credibility of the witnesses, the weight
to give their testimony, and whether to accept or reject all or any part of that
testimony. City of Keller, 168 S.W.3d at 822. 

 It is generally true that a fact finder is free to believe all, part, or none of the
testimony of a witness, but a fact-finder's "decisions regarding credibility must be
reasonable." Id. at 820. The fact finder "cannot ignore undisputed testimony that is
clear, positive, direct, otherwise credible, free from contradictions and
inconsistencies, and could have been readily controverted." Id. 

B. Former Article 21.21, § 16(b)(1) Mandates "Reasonable and Necessary"
Fees Recovery for Party Who Prevails and Recovers Damages


 1. Party Who Prevails and Recovers Damages is Entitled to Attorneys'
Fees


 Well-settled law precludes awarding attorneys' fees without statutory or
contractual authority. Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 95 (Tex. 1999). 
Rosenblatt contends he is statutorily entitled to attorneys' fees as a matter of law
because he prevailed and recovered damages on his claim that Freedom Life violated
former article 21.21, section 4(10)(a)(v). Act of May 19, 1995, 74th Leg., R.S., ch.
414, § 11, 1995 Tex. Gen. Laws 2988, 2999 (repealed 2003); see former article 21.21,
section 16(b)(1) ("In a suit filed under this section, any plaintiff who prevails may
obtain . . . . the amount of actual damages plus court costs and reasonable and
necessary attorneys' fees.") (emphasis added); (5) State Farm Life Ins. Co. v. Beaston,
907 S.W.2d 430, 437 (Tex. 1995) (construing statute and holding that party must
prevail and recover damages to recover attorneys' fees under statute's "fee-shifting"
provisions). 

 Despite the apparent discretion vested in the trial court by the word "may" in
the statute, a trial court lacks discretion to determine whether to award fees under
former article 21.21, section 16(b)(1) when a party prevails and recovers damages on
an article 21.21 claim. See Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998)
(contrasting statutes providing that court "may" award attorneys' fees, which vest trial
courts with some discretion, with statutes providing that party "may recover," "shall
be awarded," or "is entitled to" attorneys' fees, which grant trial courts no discretion
in deciding whether to award fees). 

 Because section 16(b)(1) of former article 21.21 provides that a party who
prevails "may obtain," in addition to actual damages, court costs "and reasonable and
necessary attorneys' fees," we agree with Rosenblatt that the statute mandates
recovery of attorneys' fees to a party who prevails and recovers damages on a claim. 
See Bocquet, 972 S.W.2d at 20. 

 2. Proof of Reasonableness and Necessity Required

 The express language of section 16(b)(1) of former article 21.21 further
mandates, however, that the party seeking attorneys' fees establish that the fees
sought are both "reasonable and necessary." See Act of May 19, 1995, 74th Leg.,
R.S., ch. 414, § 13, 1995 Tex. Gen. Laws 2988, 3000 (repealed 2003); see also Brown
v. Bank of Galveston, N.A., 930 S.W.2d 140, 145 (Tex. App.--Houston [14th Dist.]
1996), aff'd, 963 S.W.2d 511 (Tex. 1998) (stating general rule that fact finder
determines reasonable value of attorney's services); Bocquet, 972 S.W.2d at 21
(stating that both reasonableness and necessity of attorneys' fees are questions for the
trier of fact); Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 881-82 (Tex.
1990) (same). (6) 

 Because Rosenblatt has expressly declined a new trial, both in the trial court
and on appeal, the dispositive question becomes whether Rosenblatt established, as
a matter of law, that he is entitled to $500,000 as reasonable and necessary attorneys'
fees. Specifically, did Rosenblatt provide evidence to support his claim for attorneys'
fees that was "clear, positive, direct, otherwise credible, free from contradictions and
inconsistencies, and could have been readily controverted"? See City of Keller, 168
S.W.3d at 822; Ragsdale, 801 S.W.2d at 881-82. We agree with the trial court that
he did not.

C. Rosenblatt Did Not Conclusively Establish that the $500,000 in Attorneys'
Fees Was Reasonable and Necessary


 Rosenblatt's trial counsel, Tracy Conwell, referred several times during her
testimony to the amount of $500,000, describing it as a "reasonable" amount of
attorneys' fees for the work she had done in this case. In addition to relying on that
testimony, Rosenblatt argues that Freedom Life (1) did not controvert Conwell's
testimony and (2) conceded that the testimony was uncontroverted in responding to
Rosenblatt's motion to disregard the jury's failure to award any attorneys' fees. 
Relying on the Ragsdale decision, Rosenblatt argues that this concession precludes
Freedom Life's contending on appeal that the jury and the trial court properly rejected
Conwell's evidence in declining to award attorneys' fees. 

 Rosenblatt misconstrues Ragsdale, which recognized an exception to the
general rule that an interested witness "does no more than raise a fact issue to be
determined by the jury." See id. at 882. The exception arises when the testimony of
an interested witness "is not contradicted by any other witness, or attendant
circumstances, and the same is clear, direct and positive, and free from contradiction,
inaccuracies, and circumstances tending to cast suspicion thereon." Id. at 882; see
Brown, 963 S.W.2d at515-16 (citing Ragsdale, 801 S.W.2d at 882). Applying the
exception in Ragsdale, the supreme court ruled that the trial court erred by not taking
as true, "as a matter of law," the testimony of the interested witness, an attorney who
testified without objection that $22,500 was a reasonable amount for attorneys' fees. 
Id. at 881-82. The exception is "especially true," the court observed, and Rosenblatt
emphasizes, when "the opposing party has the means and opportunity of disproving
the testimony," but did not object. Ragsdale, 801 S.W.2d at 882 (emphasis in
original). 

 Ragsdale clarified, however, that failure to controvert is but one factor among
others that the court considers in determining whether the testimony merely raises a
fact issue or may be accepted as true as a matter of law. Id. Ragsdale and recent
interpretations of Ragsdale demonstrate that the uncontroverted testimony of an
interested witness will establish that attorneys' fees sought are reasonable and
necessary as a matter of law, thus authorizing rendition by an appellate court, but only
if the following conditions exist: (1) the testimony could readily be contradicted if
untrue; (2) the testimony is clear, direct, and positive; and (3) there are no
circumstances that tend to discredit or impeach the testimony. Ragsdale, 801 S.W.2d
at 882; McMillin v. State Farm Lloyds, 180 S.W.3d 183, 210 (Tex. App.--Austin
2005, pet. denied) (citing Lofton v. Tex. Brine Corp., 777 S.W.2d 384, 386 (Tex.
1989)); Hubbard, 76 S.W.3d at 786 (also citing Lofton, 777 S.W.2d at 386). 

 We examine Conwell's testimony within these guidelines.

 1. Uncontroverted or Controvertible? 

 We do not agree that Conwell's testimony conclusively established that
$500,000 was a reasonable amount for attorneys' fees or that her testimony was
uncontroverted, because Conwell controverted her own testimony. Despite testifying
that $500,000 was a reasonable fee, Conwell also explained the terms of her
contingency-fee contract, the total hours worked, and her hourly rate. (8) She testified
that a 40 percent fee, as described in her contract, was reasonable. Conwell did not
perform a step-by-step calculation of a total amount from the terms and percentages
stated in the contract, but invited the jury to make the calculation. As this Court
recognized recently, if a party presents evidence of both a fixed amount as a
reasonable attorneys' fee and a contingency-fee contract that results in a lesser fee
and claims that the contract was reasonable and that the jury could rely on either
calculation, that party may not argue on appeal that the evidence attesting to the
reasonableness of the higher amount is uncontroverted. Tex. Mut. Ins. Co. v. Ray
Ferguson Interests, Inc., No. 01-02-00807-CV, 2006 WL 648834, at *11, 13-14
(Tex. App.--Houston [1st Dist.] Mar. 16, 2006, pet. denied) (mem. op.). 

 Conwell also provided other amounts for the jury. She not only testified that
her evidence suggested an award for attorneys' fees "in the neighborhood of
$400,000, maybe $350,000," but also acknowledged that her contingency-fee contract
could be interpreted as resulting in the significantly lesser sum of 40 percent of
Rosenblatt's total recovery, or $12,000. In other testimony, Conwell estimated her
personal total time at 997 hours at $250 per hour, which results in yet another
calculation of approximately $250,000, to which was to be added her law clerks' fees,
which Conwell "guess[ed] a reaonable rate would be anywhere between [$]25 and
$75 an hour," though she also invited the jury to "figure out a reasonable rate." 
Adding the law clerks' fees to the $250,000 and calculating them in accordance with
the range Conwell suggested results in yet another total, with an approximate high of
$340,000 and a low of $287,000. 

 Conwell also testified that the $500,000 estimate included "over" $100,000 in
expenses. But the trial court sustained Freedom Life's objections to several items
listed as expenses on the grounds that they were not recoverable. 

 Because Conwell's own testimony provided alternatives to the $500,000
amount that she opined was a reasonable fee and because her proposed amounts
included nonrecoverable costs, we cannot agree that her testimony on the $500,000
amount was uncontroverted. To the contrary, Conwell's testimony that $500,000 was
a reasonable award for attorneys' fees was both controvertible and controverted--by
Conwell.

 2. Clear, Positive, Direct, and Free from Inconsistencies?

 Conwell's testimony as to the varying amounts and calculations, described
above, conflicts with and contradicts the $500,000 ceiling amount and is thus
inconsistent with a clearly demonstrated award of $500,000. Moreover, Conwell
acknowledged that her figures were estimates and invited the jurors to "figure a
reasonable fee," stating that she "was not going to add it up" for them. Conwell also
conceded under cross-examination that only "some" of the attorney time recorded in
her entries had been entered contemporaneously. She had constructed the remainder
from estimates. Conwell's inconsistencies, estimates, and equivocation render her
testimony less than clear, positive, and direct.

 3. Free of Circumstances that Tend to Discredit or Impeach?

 As shown above, Freedom Life successfully impeached Conwell's testimony
that $500,000 was a reasonable attorneys' fee for this case, first by cross-examination
of Conwell to emphasize that her calculations were estimates reconstructed from
hindsight, and then by successfully objecting to recovery of certain costs and
expenses. 

 We note as well that over the five years that Conwell spent preparing this case,
the claims asserted against Freedom Life on Rosenblatt's behalf reduced significantly,
with but two theories ultimately submitted to the jury. According to Conwell, it was
necessary for her to do as much work as she did because of the difficulty in
ascertaining what Freedom Life did and how Freedom Life did it. She would "need
to do it all," she claimed, "whether suing for bad faith or 21.55 or 21.21 because those
claims are so intertwined that [she could not] separate them." See C.M. Asfahl
Agency v. Tensor, Inc., 135 S.W.3d 768, 801 (Tex. App.--Houston [1st Dist.] 2004,
no pet.) (recognizing both duty to segregate between recoverable and nonrecoverable
claims in seeking attorneys' fees and exception to duty for intertwined claims arising
out of same occurrence). 

 In addition to the "bad faith or 21.55 or 21.21" claims to which Conwell
referred in explaining that her work was not severable, however, Rosenblatt's live
pleadings include additional claims, none of which was submitted to the jury, though
they had survived pretrial motions for summary judgment. These claims were for
unfair settlement practices; deceptive trade practices, including claims for
unconscionable conduct and for conspiracy to violate the deceptive trade statue; and
statutory libel. In addition, Rosenblatt attempted to show at trial that Freedom Life
was engaged in a common enterprise with the two additionally named defendants. (9) 


 To the extent that the jury may have heard testimony relating to these
remaining claims, however, Conwell did not include them with those described as too
"intertwined" to enable segregation and thus discredited her own testimony that
$500,000 was a reasonable fee. It is rationally to be anticipated that a jury that
examines a charge with only two liability questions and awards damages for only one
of these would discredit evidence that attempted to recover an award for attorneys'
fees for claims that the jury was not asked to decide. See Cordova v. Sw. Bell Yellow
Pages, Inc., 148 S.W.3d 441, 449 (Tex. App.--El Paso 2004, no pet.) (recognizing
that party liable for attorneys' fees "should not be held responsible for time spent in
overpreparation").

 In presenting herself as a qualified witness to testify on the claim for attorneys'
fees, Conwell stated she was "familiar with law firms in this town" and knew "what
people charge." She did not, however, explain either her personal familiarity or
experience with the type of claims that she pursued against Freedom Life on
Rosenblatt's behalf. Moreover, in accordance with former article 21.21, section
16(b)(1), which requires that attorneys' fees awarded be both reasonable and
necessary, the jury was properly asked to determine "a reasonable fee for the
necessary services of [Conwell]." See Act of May 19, 1995, 74th Leg., R.S., ch. 414,
§ 13, 1995 Tex. Gen. Laws 2988, 3000 (repealed 2003); Bocquet, 972 S.W.2d at 21. 
Though Conwell summarized her work for this case, evidence concerning the
necessity of the work was lacking. 

 4. Consequences: Fact Issue Raised, but Resolved by Jury, and Relief
by Rendition Neither Urged Nor Preserved.


 City of Keller reaffirms that a fact is not proved " as a matter of law" when the
rules of law or evidence preclude according effect to the only evidence offered to
establish a vital fact. City of Keller, 168 S.W.3d at 810 & n.16. Under the three-pronged Ragsdale analysis just presented, we cannot agree that Conwell's testifying
that $500,000 was a reasonable attorneys' fee for this case, was "uncontroverted"as
a matter of law and therefore conclude that a $500,000 fee was not established as a
matter of law. See Ragsdale, 801 S.W.2d at 882; and compare McMillin, 180 S.W.3d
at 210 (rejecting contention that testimony supporting attorneys' fees was
uncontroverted) with Brown, 963 S.W.2d at 515, and Hubbard, 76 S.W.3d at 787-88
(both holding that testimony supporting attorneys' fees was uncontroverted). 

 Because Conwell's testimony failed, therefore, to conclusively establish the
$500,000 fee, as a matter law, her interested-witness testimony raised only a triable
issue to be determined by trier of fact, in this case, the jury. See Ragsdale, 801
S.W.2d at 882; McMillin, 180 S.W.3d at 211 (remanding for determination whether
entire amount of attorneys' fees sought was reasonable and necessary, because issue
not conclusively established). 

 The fact finder "cannot ignore undisputed testimony that is clear, positive,
direct, otherwise credible, free from contradictions and inconsistencies, and could
have been readily controverted." City of Keller, 168 S.W.3d at 820; accord Ragsdale,
801 S.W.2d at 882 (employing identical test in concluding that issue established as
matter of law). But Conwell did not provide undisputed testimony that was clear,
positive, direct and otherwise credible; instead she contradicted and controverted her
her own testimony. Accordingly, the jury, was authorized to disregard her testimony
that $500,000 was a reasonable attorneys' fee, if the jury did disregard that testimony,
when the jury answered the factual issue presented by the attorneys' fee question in
the court's charge. See City of Keller, 168 S.W.3d at 819-20; Ragsdale, 801 S.W.2d
at 882. By the same analysis, the trial court properly declined Rosenblatt's limited
challenge to the jury's decision--his request that the trial court (1) disregard the
jury's "zero" damages response to the attorneys' fee question and (2) render judgment
notwithstanding that finding for $500,000. See City of Keller, 168 S.W.3d at 820;
Ragsdale, 801 S.W.2d at 822. 

 Continuing his trial strategy on appeal, Rosenblatt seeks only rendition in the
amount of $500,000, having affirmatively rejected relief by remand, both as preserved
in the trial court and as presented here, not only through reliance on a partial
reporter's record, but also through the narrow issue asserted in his brief and during
oral argument. 

 Because the evidence presented in support of Rosenblatt's claim for attorneys'
fees is not conclusive as a matter of law and thus precludes that relief, we cannot
render the judgment that Rosenblatt seeks. See McMillin, 180 S.W.3d at 211 ("We
cannot render judgment . . . because the evidence is not conclusive."). Though our
sister court reversed and ordered a remand in McMillin, the appellant there had
alternatively requested that relief. See id. at 210-11 (stating that sustaining legal-sufficiency issue removed need to address factual sufficiency of evidence). That
alternative is not presented here. 

 Accordingly, we overrule Rosenblatt's sole issue. 

Conclusion


 We affirm the judgment of the trial court. 



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.

1. Rosenblatt's pleadings in the trial court named two additional defendants, National
Care Marketing, Inc. and Ascent Assurance, Inc. Rosenblatt identified National Care
Marketing, Inc. as the administrator of the Freedom Life policy and stated that Ascent
Assurance, Inc. either owned or controlled both Freedom Life and National Care. The
jury did not, however, determine the relationship, if any, between these entities, and
the judgment binds only Freedom Life. Accordingly, we consider Freedom Life the
sole appellee.
2. See Act of May 19, 1995, 74th Leg., R.S., ch. 414, § 11, 1995 Tex. Gen. Laws 2988,
2999, repealed by Act of May 22, 2003, 78th Leg., R.S., ch. 1274, § 26(a)(1), 2003
Tex. Gen. Laws 3611, 3662 (effective April 1, 2005), (recodified without substantive
revision at Tex. Ins. Code Ann. § 541.060(a)(4) (Vernon Supp. 2006)). This case
is governed by the former statute, based on the date that Rosenblatt filed suit.
3. This rendition point was the only challenge to the verdict that Rosenblatt made in the
trial court. He filed no motion for new trial or other motion that would preserve and
thus authorize this Court to reverse the judgment of the trial court and to remand this
cause to the trial court. See generally Tex. R. Civ. P. 324(b)(2)-(3); Tex. R. App. P.
33.1(a)(1). Rosenblatt has expressly limited this appeal; he seeks rendition only and
does not wish a new trial.
4. During oral submission of this case on March 6, 2007, the Court announced its
concerns regarding the appellate record, as follows: Rosenblatt had filed only a
partial reporter's record, and the existing record did not demonstrate that Rosenblatt
had included "a statement of the points or issues to be presented on appeal" when he
asked the court reporter to prepare the reporter's record. See Tex. R. App. P.
34.6(c)(1) ("Partial Reporter's Record"). Rosenblatt has since filed a supplemental
clerk's record that includes a certified copy of correspondence to the court reporter,
dated February 13, 2006, from Rosenblatt's counsel, with copies to opposing counsel,
in which Rosenblatt's counsel explained that,


 [Rosenblatt] has requested only a partial Reporter's
Record, consisting of the testimony of Tracy Conwell,
[Rosenblatt's] counsel, because [Rosenblatt] intends to assert on
appeal only that the trial court's error [sic] in denying
[Rosenblatt's] request to disregard the jury's finding of zero
attorneys' fees and the trial court's refusal to award $500,000 in
attorneys' fees, based on the uncontroverted testimony of
[Rosenblatt's] counsel [sic]. 


 Because Rosenblatt thus complied with Tex. R. App. P. 34.6(c)(1), and because
appellee, Freedom Life Insurance Company, has designated and filed an addition to
the reporter's record, see id. (c)(2), consisting of Rosenblatt's contingent-fee contract,
we must presume that the partial reporter's record before us constitutes the "entire"
record for purposes of reviewing Rosenblatt's single issue challenging the sufficiency
of the evidence. See id (c)(4); John Hill Cayce, Jr., Anne Gardner & Felicia Harris
Kyle, Civil Appeals in Texas: Practicing Under the New Rules of Appellate
Procedure, 49 Baylor L. Rev. 867, 922, 925-26 (1997). 
5. Act of May 19, 1995, 74th Leg., R.S., ch. 414, § 11, 1995 Tex. Gen. Laws 2988,
3000, repealed by Act of May 22, 2003, 78th Leg., R.S., ch. 1274, § 26(a)(1), 2003
Tex. Gen. Laws 3611, 4138 (effective April 1, 2005), (recodified without substantive
revision at Tex. Ins. Code Ann. § 541.152(a)(1) (Vernon Supp. 2006)). 
6. Well-settled law further dictates that the reasonableness of an award of attorneys' fees
is determined by considering the factors enumerated in Arthur Andersen & Co. v.
Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997) (quoting Tex. Disciplinary
R. Prof'l Conduct 1.04(b), reprinted in Tex. Gov't Code Ann. tit. 2, subtit. G app.
A (Vernon Supp. 2006) (Tex. State Bar R. art. X, § 9) (listing "factors" that may
be considered in determining the reasonableness of a fee, but without excluding other
relevant factors)). See C.M. Asfahl Agency v. Tensor, Inc., 135 S.W.3d 768, 801-02
(Tex. App.--Houston [1st Dist.] 2004, no pet.) (quoting Andersen factors). (7)
7. The "Anderson" factors considered in determining whether an award of attorneys'
fees is reasonable include the following:


 (1) the time and labor required, the novelty and difficulty of the questions involved,
and the skill required to perform the legal service properly;


 (2) the likelihood ... that the acceptance of the particular employment will preclude
other employment by the lawyer;


 (3) the fee customarily charged in the locality for similar legal services;


 (4) the amount involved and the results obtained;


 (5) the time limitations imposed by the client or by the circumstances;


 (6) the nature and length of the professional relationship with the client;


 (7) the experience, reputation, and ability of the lawyer or lawyers performing the
services; and


 (8) whether the fee is fixed or contingent on results obtained or uncertainty of
collection before the legal services have been rendered.


 C.M. Asfahl Agency v. Tensor, Inc., 135 S.W.3d 768, 802 (Tex. App.--Houston [1st
Dist.) 2004, no pet.) (citing Arthur Andersen & Co. v. Perry Equip. Corp., 945
S.W.2d 812, 818 (Tex. 1997) (quoting Tex, Disciplinary R. Prof. Conduct 1.04,
reprinted in Tex. Gov't Code tit. 2, subtit. G app. (State Bar Rules, art. X, § 9)). 
 
- " " 
 ' 
8. The fee contract was admitted into evidence and is before this Court pursuant to
Freedom Life's designating additional portions of the reporter's record pursuant to
Tex. R. App. P. 34.6(c)(2).
9. Rosenblatt proposed a 36-page charge to the jury that encompassed article 21.55,
several deceptive-trade questions, and a common-enterprise question concerning the
two additional defendants.