**Opinion issued June 19, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00655-CV

_____

### EMIL BRASEL, Appellant

### V.

### MANHATTAN HOMEOWNERS ASSOCIATION, Appellee

On Appeal from County Civil Court at Law No. 3
Harris County, Texas
Trial Court Case No. 976666

## MEMORANDUM OPINION

Appellee, Manhattan Homeowners Association ("MHA"), sued appellant, Emil Brasel, for violations of a deed restriction. The jury determined that Brasel committed five out of twenty alleged violations and awarded MHA a portion of its requested attorneys' fees through trial. The trial court granted MHA's motion for

judgment notwithstanding the verdict, awarding it the full amount of requested trial attorneys' fees. In two issues on appeal, Brasel argues the trial court erred by granting the judgment notwithstanding the verdict.

We reverse and render.

## Background

Brasel is a resident of The Manhattan Condominium, a mid-rise apartment building in Houston, Texas. In 2010, MHA filed suit against Brasel for violating deed restrictions on excessive noise. MHA alleged 20 to 25 violations within a two-year period.

After MHA obtained a default judgment against him from the justice court, Brasel appealed to a county court at law. Following a three-day trial, the jury determined that Brasel had committed five of the alleged violations. The jury was also required to determine the amount of attorneys' fees. No objections were raised to the question in the charge concerning attorneys' fees. MHA had requested the jury to award $32,994.50 in attorneys' fees through trial along with fees for post-trial motions and appeals. Instead, the jury awarded $2,133 in attorneys' fees through trial along with fees for post-trial motions and appeals.

Following trial, MHA filed a motion for judgment notwithstanding the verdict. MHA argued it should be awarded the full amount of the trial attorneys' fees requested. The trial court agreed and rendered judgment, including awarding

2

MHA $34,884.50 in trial attorneys' fees along with fees for post-trial motions and appeals.

## Standard of Review

We review the grant or denial of a motion for judgment notwithstanding the verdict under a legal-sufficiency standard. *Williams v. Dardenne*, 345 S.W.3d 118, 123 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). When a party that bore the burden of proof at trial seeks a judgment notwithstanding the verdict, it must show that the record establishes as a matter of law a proposition that contradicts the jury's finding. *Henry v. Masson*, 333 S.W.3d 825, 849 (Tex. App.—Houston [1st Dist.] 2010, no pet.). "A trial court may not properly disregard a jury's negative finding and substitute its own affirmative finding unless the evidence conclusively establishes the issue." *Id.* The evidence only conclusively establishes an issue when (1) there is complete absence of a vital fact; (2) the rules of law or evidence preclude according weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; and (4) the evidence conclusively establishes the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 & n.16 (Tex. 2005); *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 319 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

In applying the legal-sufficiency standard, we must credit evidence that supports the judgment if reasonable jurors could credit that evidence, and we must disregard contrary evidence unless reasonable jurors could not disregard that evidence. *City of Keller*, 168 S.W.3d at 827. Accordingly, we review the evidence in the light most favorable to the verdict, but disregard all contrary evidence that a reasonable jury could have disbelieved. *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005) (citing *City of Keller*, 168 S.W.3d at 812). If the evidence falls within the zone of reasonable disagreement, we may not invade the role of the fact-finder, who alone determines the credibility of the witnesses, the weight to give their testimony, and whether to accept or reject all or any part of that testimony. *City of Keller*, 168 S.W.3d at 822.

## Analysis

In his first issue, Brasel argues the trial court erred by granting a motion for judgment notwithstanding the verdict on attorneys' fees incurred through trial[1] because the fees were not established as a matter of law. In his second issue, Brasel argues the trial court erred by granting a motion for judgment notwithstanding the verdict on attorneys' fees because the jury charge modified the law on the determination of attorneys' fees.

---

[1] The judgment's award of post-trial attorneys' fees is not at issue in this appeal. Any further reference to attorneys' fees in this case concerns the fees incurred through trial.

4

Ordinarily, the determination of the reasonableness and amount of attorneys' fees is a question of fact that is left within the sound discretion of the trier of fact. *See Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990). Similarly, the testimony of an interested witness under normal circumstances "does no more than raise a fact issue to be determined by the" trier of fact. *Id.* at 882. In some circumstances, however, such testimony must be taken as true as a matter of law. *Id.* For testimony concerning attorneys' fees, such testimony is established as a matter of law when the testimony "is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon." *Id.* These have become known as the *Ragsdale* factors. *See Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 548 (Tex. 2009). The *Ragsdale* factors do not render all uncontradicted testimony as established as a matter of law. *Ragsdale*, 801 S.W.2d at 882. Uncontradicted testimony cannot be established as a matter of law "if it is unreasonable, incredible, or its belief is questionable." *Smith*, 296 S.W.3d at 547–48.

MHA argued to the trial court in its motion for judgment notwithstanding the verdict that it had satisfied the *Ragsdale* factors. It argued, accordingly, that it had established its attorneys' fees as a matter of law and should have been awarded the full amount sought. The trial court agreed. We must disagree.

The Supreme Court of Texas's opinion in *Smith* controls this case. In *Smith*, the owner of a shopping center sued a tenant, ultimately seeking $215,391.50 in damages and $47,438.75 in attorneys' fees. *Id.* at 546. The jury awarded $65,000 in damages but no attorneys' fees. *Id.* The trial court rendered judgment, awarding $65,000 in damages and $7,500 in attorneys' fees through trial. *Id.* at 546–47. The court of appeals, relying on *Ragsdale*, determined that attorneys' fees had been established as a matter of law and awarded the full fees. *Id.* at 547.

The Supreme Court of Texas re-emphasized its holding in *Ragsdale* that not all uncontradicted interested testimony is established as a matter of law. *Id.* (citing *Ragsdale*, 801 S.W.2d at 882). Instead, the court held that a relevant inquiry in the determination was the "amount involved and the results obtained." *Id.* at 548 (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)). Applying this consideration to the facts of *Smith*, the court held that "the fee, though supported by uncontradicted testimony, was unreasonable in light of the amount involved and the results obtained, and in the absence of evidence that such fees were warranted due to circumstances unique to this case." *Id.* Critical to the court's inquiry was the fact that the owner of the shopping center sought $215,000 in damages but only obtained $65,000. As a result, "[t]hose fees, even though supported by uncontradicted testimony, may not be awarded as a matter of law." *Id.*

The facts of this case are, for the purposes of our analysis, no different from the facts of *Smith*. MHA alleged 20 to 25 violations of the deed restrictions on excessive noise, seeking $200 in statutorily-capped damages for each violation. *See* TEX. PROP. CODE ANN. § 202.004(c) (Vernon 2007). The jury only found five violations, however, resulting in a judgment of $1,000 out of a potential $4,000 to $5,000 in damages. Considering the amount involved and the results obtained, then, we hold MHA's attorneys' fees were not established as a matter of law. *See id.*; *see also Farrar v. Hobby*, 506 U.S. 103, 104, 113 S. Ct. 566, 574 (1992) ("Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'").

MHA's argument in its brief for why the attorneys' fees should be determined to be established as a matter of law is unpersuasive. As an initial matter, MHA makes a number of unsupported contentions on what formed the basis for the jury's award of attorneys' fees. *See* TEX. R. APP. P. 38.1(i) (requiring briefs to support arguments with citations to record). MHA suggests, "[T]he first question discussed [by the jury in its deliberations] was not even part of the court's charge. 'All this so they can fight over a thousand dollars?'" MHA further suggests that the jury's verdict "was grounded in a desire to send a message to the litigants," and yet somehow—perhaps through inadvertence—the jury "sent [it] to the wrong party."

7

Nowhere in its brief does MHA explain how it is capable of divining the thought process of all of the jurors during their private deliberations. At any rate, any such proof is not a part of the record. *See Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied) ("It is elementary that . . . an appellate court may not consider matters outside the appellate record."). Moreover, MHA did not raise before the trial court or on appeal any claim of jury misconduct and there has been no determination by the trial court of such. *See* TEX. R. APP. P. 33.1(a) (establishing requirements for preservation of issue to present on appeal). Accordingly, we have no basis for concluding that the jury's determinations are the result of anything other than the proper execution of the jury's duties to weigh the evidence and make determinations of credibility.

MHA presents arguments in its brief on how its expert testimony on attorneys' fees was clear and free from contradiction as well as not contradicted by any other witness. *See Ragsdale*, 801 S.W.2d at 882. Even assuming these arguments are correct, however, Ragsdale also requires the testimony to be "free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon." *See id.* It is upon this third factor—"circumstances tending to cast suspicion thereon"—that we have determined the testimony was not established as a matter of law. *See id.* As in *Smith*, we find the fees awarded to MHA by the trial court were not established as a matter of law.

8

For this factor, MHA argues the holding from *Smith* does not apply because this factor "has been always understood to compare the amount of damages involved to the results obtained—not the number of counts that went to the jury." We find no justification for this argument. Nothing in the case law suggests we can consider only damages and not the number of complaints in determining the plaintiff's degree of success. *See Rosenblatt*, 240 S.W.3d at 323 (considering number of successful claims in determining evidence was not free from suspicion). Even if that were true, MHA's recovery against Brasel was statutorily-capped at $200 per day of violation. *See* TEX. PROP. CODE ANN. § 202.004(c). Accordingly, MHA's recovery of damages was correlated to the number of alleged violations on which it prevailed.

MHA further argues that it would be unfair to allow a litigant to "purposely run up attorneys' fees and then argue that his opponent did not recover enough to justify the fees incurred." MHA correctly points out that the evidence at trial established that all of the pretrial discovery conducted in this case was initiated by Brasel and that a significant portion of MHA's attorneys' fees were incurred in responding to this discovery. MHA argues that, because it was Brasel's "fault" that MHA incurred the attorneys' fees for pretrial discovery, MHA should be entitled as a matter of law to recover the totality of its attorneys' fees.

9

MHA sued Brasel, and Brasel engaged in discovery in his defense of the suit. It was Brasel's right to engage in discovery. *See* TEX. R. CIV. P. 190–215 (establishing rules for pretrial discovery in civil cases). MHA did not seek or obtain sanctions against Brasel for engaging in any improper conduct. *See* TEX. R. CIV. P. 215. Moreover, the record shows that Brasel successfully defended at least 75% of the alleged excessive noise violations. MHA has not argued, let alone proved, that Brasel would have successfully defended these claims without the discovery in which the parties engaged. Accordingly, MHA has failed to establish at trial or on appeal that Brasel "purposely r[a]n up attorneys' fees" as opposed to engaged in legitimate and beneficial discovery.

The facts of this case, then, are that MHA sued Brasel. Brasel engaged in discovery. One effect of Brasel's engaging in discovery was that MHA had to incur attorneys' fees. Evidence obtained from the discovery process was used at trial. The jury ultimately found in favor of Brasel for three quarters of the alleged violations. From this, MHA would have us craft a rule removing from the jury's province the determination of what amount of fees are reasonable when a mixed verdict is delivered and, instead, forcing the defendant to pay the full amount of attorneys' fees when the plaintiff obtains any amount of recovery. We decline this invitation.

10

The record does not establish as a matter of law that MHA was entitled to its full award of attorneys' fees. Accordingly, the trial court erred by granting the judgment notwithstanding the verdict on the matter. We sustain Brasel's first issue. Because Brasel's second issue would not entitle him to any relief greater than we are already granting, we do not need to reach it. *See* TEX. R. APP. P. 47.1 (requiring appellate courts to address every issue raised and *necessary* to final disposition of the appeal).

## Conclusion

We reverse the trial court's judgment notwithstanding the verdict on attorneys' fees and render a judgment conforming to the jury's award of attorneys' fees.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.