**YSLETA INDEPENDENT SCHOOL DISTRICT, Petitioner,**

v.

**Gustavo MONARREZ & Jose Rodriguez, Respondents.**

**No. 02–1185.**

Supreme Court of Texas.

Aug. 26, 2005.

Rehearing Denied Nov. 18, 2005.

**916**

Steven Joseph Blanco, Rene Ordonez and Jerry Ray Wallace, Delgado, Acosta,

Braden & Jones, P.C., El Paso, for petitioner.

John P. Mobbs, John Andrew Wenke, El Paso, for respondent.

PER CURIAM.

In this wrongful termination suit, we consider whether there is legally sufficient evidence that Ysleta Independent School District (the "District") engaged in gender discrimination when it fired two male employees for violating time clock procedures. The court of appeals held that the evidence was sufficient. 170 S.W.3d 122. We disagree, and we reverse.

Gustavo Monarrez and Jose Rodriguez were employed as bus mechanics with the District. They were paid an hourly wage, which required them to submit time cards. One day after work, they went to a bar, and after an evening of drinking, Rodriguez was concerned about showing up for work timely the next morning. He asked Monarrez to punch his time card at work the next day if Rodriguez was late. Monarrez agreed. The next day, Monarrez reported to work and clocked-in for himself and Rodriguez. Later that morning, Rodriguez called Monarrez and told him he would not make it to work that day. At the end of the shift, Monarrez clocked-out both himself and Rodriguez, making it appear as if both men had worked a full day. Several days later, both men went to their supervisor and admitted violating the time clock procedures. The incident was reported up the chain of command, and a review committee recommended that both men be terminated for their misconduct.

Monarrez and Rodriguez sued, alleging gender discrimination in violation of the Texas Commission on Human Rights Act. They asserted that they had been treated more harshly than females in their department, identifying several female employees at trial who had clocked-in for co-workers

but had not been terminated for their actions. The trial court rendered judgment on a verdict, awarding Monarrez $43,900 in lost wages and $175,000 for mental anguish and awarding Rodriguez $74,000 in lost wages and $175,000 for mental anguish. The trial court also awarded $30,000 in attorneys' fees. The court of appeals affirmed, 170 S.W.3d at 124, and the District sought our review.

The District claims that the evidence is legally insufficient to support a claim of gender discrimination. We review the evidence in the light most favorable to the verdict, disregarding all contrary evidence that a reasonable jury could have disbelieved. *City of Keller v. Wilson,* 168 S.W.3d 802, 812 (Tex.2005).

The Texas Commission on Human Rights Act (the "Act") prohibits discrimination in employment based on "race, color, disability, religion, sex, national origin, or age." TEX. LABOR CODE § 21.051. To prevail on a claim of gender discrimination, the plaintiffs had to prove that (1) they were members of a class protected by the Act (males); (2) they were qualified for their positions; (3) they were terminated; and (4) they were treated less favorably than similarly situated members of the opposing class (females). *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530

U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Romo v. Tex. Dep't of Transp.,* 48 S.W.3d 265, 270 (Tex.App.-San Antonio 2001, no pet.). The District argues that there was no evidence that the female employees, who were not disciplined for time card violations, were similarly situated.

We have not previously considered what it means to be "similarly situated" in an employment discrimination context. The Act was expressly enacted to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." TEX. LABOR CODE § 21.001(1). Because "[t]he Legislature intended to correlate state law with federal law in employment discrimination cases," we turn to analogous federal case law for guidance. *Wal–Mart Stores, Inc. v. Canchola,* 121 S.W.3d 735, 739 (Tex.2003); *NME Hosp., Inc. v. Rennels,* 994 S.W.2d 142, 144 (Tex.1999). Employees are similarly situated if their circumstances are comparable in all material respects,[1] including similar standards, supervisors, and conduct.[2] To prove discrimination based on disparate discipline, the disciplined and undisciplined employees' misconduct must be of "comparable seriousness."[3] Although "precise equiva-

---

1. *See, e.g., Gilmore v. AT & T,* 319 F.3d 1042, 1046 (8th Cir.2003); *Peters v. Renaissance Hotel Operating Co.,* 307 F.3d 535, 546 (7th Cir.2002) (quoting *Radue v. Kimberly–Clark Corp.,* 219 F.3d 612, 618 (7th Cir.2000)); *Graham v. Long Island R.R.,* 230 F.3d 34, 39 (2d Cir.2000); *Alexander v. Fulton County,* 207 F.3d 1303, 1346 (11th Cir.2000); *Rodriguez–Cuervos v. Wal–Mart Stores, Inc.,* 181 F.3d 15, 21 (1st Cir.1999); *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (6th Cir.1992).

2. *Vasquez v. County of Los Angeles,* 349 F.3d 634, 642 (9th Cir.2003) (quoting *Hollins v. Atlantic Co.,* 188 F.3d 652, 659 (6th Cir. 1999)); *Gilmore,* 319 F.3d at 1046; *Renaissance Hotel,* 307 F.3d at 546 (quoting *Radue,*

219 F.3d at 618); *Hollins,* 188 F.3d at 659 (quoting *Mitchell v. Toledo Hospital,* 964 F.2d 577, 583 (6th Cir.1992)).

3. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Anderson v. WBMG–42,* 253 F.3d 561, 565 n. 2 (11th Cir.2001) ("The Supreme Court has observed that 'precise equivalence in culpability between employees is not the ultimate question' and, therefore, has directed the emphasis of the fact finder's inquiry to the question of 'comparable seriousness.' "); *Graham,* 230 F.3d at 40 ("That an employee's conduct need not be identical to that of another for the two to be similarly situated is also reflected in the language of *McDonnell Douglas,* where

lence in culpability between employees is not the ultimate question," *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283 n. 11, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976), the Fifth Circuit has held that to prove discrimination based on disparate discipline, the plaintiff must usually show "that the misconduct for which [he] was discharged was nearly identical to that engaged in by a [female] employee whom [the company] retained." *Smith v. Wal-Mart Stores, Inc.*, 891 F.2d 1177, 1180 (5th Cir.1990) (quoting *Davin v. Delta Air Lines, Inc.*, 678 F.2d 567, 570 (5th Cir. 1982)).

■ In the District's transportation department, all mechanics were male, and all bus drivers and bus attendants were female. Monarrez and Rodriguez offered evidence that several female employees had been reprimanded for time card violations, but none had ever been terminated for this reason. There was also evidence that some time card violations had gone unpunished. The District argues, however, that these other time card violations were materially different from the present situation. In each instance in which a female employee received a written warning, the employees involved appeared for work. Moreover, testimony at trial indicat-

ed that female employees occasionally clocked-in for one another merely for the sake of convenience. Thus, the District concludes that the nature and degree of the time card violations for which female employees received written or verbal reprimands cannot be compared to the present violations. We agree. There is no evidence that the time card violations by females included a conspiracy to conceal another employee's absence from work. Thus, even though the female employees worked in the same department and were subject to the same time clock rules, there is no evidence that their respective misconduct was of "comparable seriousness."

■ Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and render judgment that Monarrez and Rodriguez take nothing.[4] Tex.R.App. P. 59.1.

Justice WILLETT did not participate in the decision.

---

the Supreme Court used the phrase 'comparable seriousness' to identify conduct that might help to support the inference of discrimination."); *Hollins*, 188 F.3d at 659 ("The Supreme Court has noted that in comparing employment discipline decisions, 'precise equivalence in culpability between employees' is not required. Rather, the plaintiff must simply show that the employees were engaged in misconduct of 'comparable seriousness.'") (quoting *Harrison v. Metropolitan Gov't of Nashville and Davidson County*, 80 F.3d 1107, 1115 (6th Cir.1996), *overruled on other grounds by Jackson v. Quanex Corp.*, 191 F.3d 647, 667 (6th Cir.1999)); *Ricks v. Riverwood Int'l Corp.*, 38 F.3d 1016, 1019 (8th Cir.1994) ("Where the employer has terminated a plaintiff due to acts of the plaintiff, the plaintiff has the burden of showing that his and the more

favorably treated employee's acts were of 'comparable seriousness.'"); *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1261 (10th Cir.1988) ("It is sufficient if these employees did acts of comparable seriousness."); *Lanear v. Safeway Grocery*, 843 F.2d 298, 301 (8th Cir.1988) ("Plaintiff must establish that the other employee's acts were of 'comparable seriousness' to his own infraction."); *Corley v. Jackson Police Dep't*, 566 F.2d 994, 998 (5th Cir.1978) ("Especially relevant ... would be evidence that ... employees involved in acts against (the employer) of comparable seriousness ... were nevertheless retained or rehired ...").

**4.** The court of appeals concluded that the District only appealed the awards of mental

anguish damages and attorneys' fees. 170 S.W.3d at 124 n. 1. We disagree. The notice of appeal was worded generally, and the prayer for relief in the court of appeals asked the court to "reverse the judgment of the trial court and render judgment in its favor," and only "[i]n the alternative" to reverse only the mental anguish damages. The District prayer to this Court was substantially the same.