ACCEPTED
03-14-00384-CV
7884013
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/18/2015 12:11:13 PM
JEFFREY D. KYLE
CLERK

In the Court of Appeals

For the Third Judicial District

Sitting at Austin, TX

**No. 03-14-00384-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/18/2015 12:11:13 PM
JEFFREY D. KYLE
Clerk

---

**City of Killeen**
Appellant
**v.**
**Barbara Gonzales**
Appellee

---

Appealed From Cause No. 262,602-B
146th District Court of Bell County, Texas
Honorable Jack Jones Presiding

---

Appellee's Motion for Rehearing

---

To the Honorable Court of Appeals

Comes now Mrs. Barbara Gonzales, Appellee, in this case and files her Motion for Rehearing in support of affirming the trial court's ruling below, and withdrawing this Court's opinion issued on November 3, 2015.

# CONTENTS

**INDEX OF AUTHORITIES** ...............................................................................2

**ISSUES PRESENTED** ....................................................................................4

**ARGUMENT** ..................................................................................................4

Issue 1: The Court used an incorrect standard in assessing the circumstantial evidence of causation presented by Gonzales. ........................................4

    A. The Court applied an incorrect standard regarding similarly situated employees.................................................................................7

    B. The Court improperly discounted the finding of the Personnel Review Board. ....................................................................................10

**CONCLUSION**...............................................................................................12

**CERTIFICATE OF SERVICE** ......................................................................13

**CERTIFICATE OF COMPLIANCE** ............................................................14

# INDEX OF AUTHORITIES

**Federal Cases**

*Abugalyon v. City of El Paso*, No. E0-03-CA-0515-FM, 2005, U.S. Dist,. Lexis 16168, *20, 2005 WL 1884804 (W. D. Tex. Aug. 5, 2005) ................................11

*Beattie v. Madison Cnty. Sch. Dist.,* 254 F.3d 595, 600 (5th Cir. 2001) ...................6

*Click v. Copeland,* 970 F.2d 106, 113-14 (5th Cir. 1992) ........................................6

*Haverda v. Hays County*, 723 F.3d, 586, 595 (5th Cir. 2013)..............................5, 6

*Tolan v. Cotton*, 134 S. Ct. 1861, 1866-88 (2014) (per curium) ............................6

**Texas State Cases**

*Booker v. City of Austin,* No. 03-09-00088-CV, 2013 WL 1149559, at * 12 (Tex.

App.—Austin Mar. 13, 13, 2013 no pet.) (mem. op.)...........................................9

*City of Fort Worth v. Johnson*, 105 S.W.3d 154, 166 (Tex. App.—Waco 2003, no

pet.) ....................................................................................................................10

*City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 69 (Tex. 2000)......................... 4, 6, 7

*Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996).........4

*Gold v. City of College Station*, 40 S.W.3d 637, 646 (Tex. App.—Houston [1st

Dist.] 2001, no pet.) ...........................................................................................10

*Tex. Dep't of Assistive and Rehabilitative Services. v. Howard*, 182 S.W.3d 393,

396 (Tex. App.–Austin 2005, pet. denied). .....................................................7, 9

*Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).....6

*Texas Dep't of Human Servs. v. Hinds,* 904 S.W.2d 629, 634 (Tex. 1995) ..............5

*Town of Flower Mound v. Teague*, 111 S.W.3d 742, 757 (Tex. App.—Fort Worth

2003, pet denied) ................................................................................................10

*Yselta Indep. Sch. Dist. V. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005)................9

**Treatises**

*Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure* § 2732.2 (3d ed. 2013).........................................................................................6

## ISSUES PRESENTED

**Issue 1: The Court used an incorrect standard in assessing the circumstantial evidence of causation presented by Gonzales.**

    **A. The Court used an incorrect standard in assessing when someone is similarly situated for the purpose of circumstantial evidence.**

    **B. The Court improperly discounted the finding of the Personnel Review Board.**

## ARGUMENT

**Issue 1: The Court used an incorrect standard in assessing the circumstantial evidence of causation presented by Gonzales.**

The Court correctly held that circumstantial evidence may be sufficient to establish a causal link between the adverse employment action and the reporting of illegal conduct. *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 69 (Tex. 2000) (citing *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996). Such circumstantial evidence includes:

- Knowledge of the report of the illegal conduct;

- Expression of a negative attitude toward the report;

- Failure to adhere to established company policies regarding employment decisions;

- Discriminatory treatment in comparison to similarly situated employees; and

- Evidence that the stated reason for termination was false. *Id.*

Gonzales presented circumstantial evidence towards all five areas. The Court, however, incorrectly discounted and weighed the evidence presented.

The circumstantial evidence factors in *Zimlich* point to a key consideration. The smoking gun evidence from a mustache twirling villain, laughing maniacally while telling the helpless whistleblower "I'm firing you because of your whistleblower reports" will essentially never happen. Instead, in real life, and in this case, evidence of "causation" is built on circumstantial evidence.

Federal First Amendment employment retaliation cases apply the same causation standard as the Texas Whistleblower Act and involve similarly important issues of protected rights and public policy. *Texas Dep't of Human Servs. v. Hinds,* 904 S.W.2d 629, 634 (Tex. 1995) applying the *Mt. Healthy* First Amendment standard in Whistleblower Act cases). In such cases, the Fifth Circuit has specifically held that "Summary disposition of the causation issue in First Amendment retaliation claims is generally inappropriate." *Haverda v. Hays County*, 723 F.3d, 586, 595 (5th Cir. 2013).. "Summary judgment should be used most sparingly in . . . First Amendment cases . . . involving delicate constitutional

rights, complex fact situations, disputed testimony, and questionable credibilities." *Id.* at 592, *citing Beattie v. Madison Cnty. Sch. Dist.,* 254 F.3d 595, 600 (5th Cir. 2001). "Claims requiring a determination regarding intentions or motives are particularly unsuitable for summary adjudication. . . . summary judgment may be precluded because questions concerning defendant's motives or knowledge must be determined." *Haverda,* 723 F.3d at 592, citing 10B *Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure* § 2732.2 (3d ed. 2013). *See Click v. Copeland,* 970 F.2d 106, 113-14 (5th Cir. 1992) (finding that defendant's evidence of motivation for adverse employment action, along with plaintiff's evidence supporting a contrary inference, is "fodder for the jury").

The Texas Supreme Court has held that circumstantial evidence is sufficient to establish causation. *Zimlich*, 29 S.W.3d at 69. Couple this with the favorable evidentiary standards in a plea to the jurisdiction, including that all evidence favorable to the nonmovant must be believed as true and every reasonable inference and any doubts must be indulged in the nonmovant's favor. *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).[1] Pleadings are construed liberally in favor of the non-movant in a plea to the jurisdiction, *Id.,* and the Texas Whistleblower Act itself is to be construed liberally in favor of

---

[1] *See also Tolan v. Cotton*, 134 S. Ct. 1861, 1866-88 (2014) (per curium) (emphasizing that all evidence must be viewed in the light most favorable to the non-movant at every step in ruling on a motion for summary judgment).

enforcement. *Tex. Dep't of Assistive and Rehabilitative Services. v. Howard*, 182 S.W.3d 393, 396 (Tex. App.–Austin 2005, pet. denied). Together, these standards present a low hurdle to jump. This plea to the jurisdiction does not decide the contested issues, but merely allows a jury of Mrs. Gonzales' peers to consider all of the contested evidence and make a determination for themselves. Because the evidence, viewed in the light most favorable to Gonzales raises issues of fact, this Court should withdraw its opinion and reaffirm the opinion of the trial court.

## A. The Court applied an incorrect standard regarding similarly situated employees.

Gonzales presented evidence that other managerial staff were involved in more egregious acts than Gonzales, but unlike Gonzales, were not terminated for their actions. This evidence showing that others were treated more favorably, in spite of more serious alleged offenses, supports that Gonzales was treated differently because of her whistleblower reports and is circumstantial evidence of Morrison's knowledge of the reports. *Zimlich*, 29 S.W.3d at 67. The Court did not consider this evidence, suggesting that the evidence was insufficient to determine if the others who received more favorable treatment were "similarly situated." In doing so the Court misapplied the standard for pleas to the jurisdiction and "similarly situated" employees in a whistleblower case.

First, the evidence provided by Gonzales establishes that Gonzales was treated differently than others who were similarly situated. Although the Court

stated that the evidence Gonzales presented of disparate treated consisted solely of conclusory statements from Gonzales and another city employee, this is not accurate. Gonzales presented sworn testimony from the City Auditor, Amanda Wallace, who investigated Gonzales and other situations of alleged misconduct, and who testified that no other executive level employee was treated in the same manner as Gonzales – specifically that an executive level employee was terminated for the actions of a lower level employee. C.R. 313. This included an investigation and audit that uncovered the theft by City employees of approximately $25,000 (far more than was at issue in Gonzales' situation) from the Killeen Civic and Conference Center, *during the same period of time as Gonzales was being investigated and disciplined, and under the same decision-maker, Glenn Morrison*. C.R. 313-15. Additionally, City Auditor Wallace herself also had authority over the Fleet Services department but was not similarly terminated. C.R. 305-306.

Gonzales also provided her own sworn testimony that an IT Department employee *during the same time period* (May 2012) was paid for work he did not do and no executive level employee was terminated. C.R. 273. This evidence was from Gonzales' personal knowledge as an employee at the City for eight years (C.R. 267), was supported by additional sources (C.R. 273), and was not merely a conclusory statement. Similarly, the sworn statement of Kim Randall was based

on her personal knowledge *as a 24 year employee* and particularly in light of other evidence, alleged sufficient detail to raise a fact issue whether Gonzales was singled out and treated differently than other employees. C.R. 276-279. Together with evidence from the City Auditor that City employees stole $25,000 in funds from the Killeen Civic and Concert Center, under the direction of the same decision-maker Glen Morrison, and yet who were not terminated as was Gonzales, Gonzales raised at least enough evidence for a fact finder to consider whether she was treated differently because of her whistleblower reports about Morrison, and for the district judge in this case to find that fact issues were raised.

Additionally, the cases cited by the Court in construing "similarly situated" as meaning "nearly identical" are related to employment discrimination claims rather than whistleblower claims. *Yselta Indep. Sch. Dist. V. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005) (gender discrimination); *Booker v. City of Austin,* No. 03-09-00088-CV, 2013 WL 1149559, at * 12 (Tex. App.—Austin Mar. 13, 13, 2013 no pet.) (mem. op.). "'Similarly situated' in the context of a **job discrimination claim based on disparate discipline** entails 'situations and conduct of the employees in question' that are 'nearly identical.'" *Booker*, 2013 WL at *12 (emphasis added). This Court previously was not so restrictive in whistleblower claims. *Texas Dep't of Assistive and Rehabilitate Servs. v. Howard*, 182 S.W.3d 393, 405 (Tex. App.—Austin, 2005 pet denied) (considering prior bad

acts of a director and unit manager from a different department rather than just those 'nearly identical."). Other courts have similarly used a broader standard. *Gold v. City of College Station*, 40 S.W.3d 637, 646 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (considering other employees rather than just those nearly identical.). *City of Fort Worth v. Johnson*, 105 S.W.3d 154, 166 (Tex. App.—Waco 2003, no pet.) (considering employees with different management roles in rather than just those nearly identical); *Town of Flower Mound v. Teague*, 111 S.W.3d 742, 757 (Tex. App.—Fort Worth 2003, pet denied) (considering not just managers but others in the department as similarly situated employees). While Gonzales has presented sufficient evidence showing she was treated differently than others who were nearly identical to her, as in *Howard*, and other Whistleblower cases, the Court should not view the evidence in such a restricted, artificially compartmentalized manor.

**B. The Court improperly discounted the finding of the Personnel Review Board.**

To support Gonzales's claim that she was treated differently than other employees and that her termination was motivated by reports of illegal activity, Gonzales presented evidence that the City's Civilian Personnel Hearing Board considered her termination in a hearing and recommended that Appellant's termination of Gonzales be reversed because it was a disproportionate penalty. C.R. 392. The Court discounted this evidence and ruled it had no weight, based

apparently on the assumption that no other parts of the hearing were included in the record. This is an improper standard, disregards the significance of this evidence, and is factually incorrect.

In *Abugalyon v. City of El Paso*, No. E0-03-CA-0515-FM, 2005, U.S. Dist,. Lexis 16168, *20, 2005 WL 1884804 (W. D. Tex. Aug. 5, 2005), the court reasoned that **the finding itself,** not the specific evidence considered by the City's personnel hearing board, supported an inference of pretext. *Id.* Here, the City's personnel hearing board decision is compelling evidence to at least raise a fact issue that the City's reason for termination was mere pretext and supports a finding of causation. The personnel hearing board decision reflects that it was made "after hearing testimony from witness,"[2] that both Gonzales and the City were present and were represented by legal counsel, that the board concluded that the termination decision "shall be reversed" and was a "disproportionate penalty," and was unanimously supported by all four members of the personnel hearing board. C.R. 392. If the Court views the facts in the light most favorable to Gonzales, indulging all reasonable inferences in Gonzales favor, as is it required to do, it is not an unreasonable inference that a jury would make the same finding as the personnel review board. The civilian review board consisting of four individuals,

---

[2] Witnesses who testified before the personnel hearing board included Lt. Jeff Donohue. C.R. 292. Lt. Donohue had conducted the police department's investigation into the alleged employee theft and testified that Gonzalez's conversations did not have an impact on his investigation. C.R. 292. Testimony before the board was under oath and also included witnesses Gonzales, City Manager Morrison, Police Chief Baldwin, City Auditor Wallace.

which heard all the evidence, found in favor of Gonzales. Similarly, the honorable trial court judge, who heard all the relevant evidence, at least found that evidence presented raised a question of fact for a jury. Gonzales respectfully requests this Court reconsider its opinion and allow the full evidence to be heard by a jury of her peers.

## CONCLUSION

Imagine a situation in which a governmental body's decision-makers decide to lie and claim they had no knowledge of an employee's whistleblower report. Is that simply the end of the case? A plea to the jurisdiction (or summary judgment) cannot simply *always* be granted in favor of the government when it claims no knowledge of an employee's whistleblower report unless the employee can produce direct evidence to refute the claim. Justice and common sense dictate that self-serving statements from an interested decision-maker cannot automatically be the end. Circumstantial evidence can and does raise a fact issue on knowledge and causation in this case. For the reasons stated in this motion, Mrs. Gonzales asks the Court to grant this motion for rehearing, withdraw its opinion, uphold the trial court's dismissal of appellant's plea to the jurisdiction and for any and all other relief to which she is entitled.

Respectfully submitted,


By:__/s/ L. Todd Kelly

L. Todd Kelly
SBN: 24035049
Tkelly@carlsonattorneys.com
Roberto Flores
SBN: 24074211
Rflores@carlsonattorneys.com
**THE CARLSON LAW FIRM, P.C.**
11606 N. IH-35
Austin, Texas 78753
Telephone: (512) 346-5688
Fax: (512) 719-4362

Robert W. Schmidt
SBN: 17775429
Schmidt@crewsfirm.com
**CREWS LAW FIRM, P.C.**
701Brazos Suite, 900
Austin, TX 78753
(512) 346-7077
Fax: (512) 342-0007
**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF SERVICE

I certify that on this, the 18 day of October, 2015, I served the document attached hereto on the counsel below, via the court's electronic filing system and email:

Roy L. Barrett, Esq.
NAMAN HOWELL SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
P.O. Box 1470
Waco, Texas 76703
barrett@namanhowell.com
**COUNSEL FOR THE CITY OF KILLEEN**

    /s/ L. Todd Kelly
L. Todd Kelly


## CERTIFICATE OF COMPLIANCE

I certify that using the word count feature on Word, the word count of the above motion, as provided by Tex. R. App. P. 9.4(i)(2)(D) contains 1995 words, including all portions countable towards the word limit, including footnotes.

/s/ L. Todd Kelly
L. Todd Kelly