

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00240-CV

---

TEXAS DEPARTMENT OF STATE HEALTH SERVICES, APPELLANT

V.

LONZO KERR, JR., APPELLEE

---

On Appeal from the 53rd District Court
Travis County, Texas
Trial Court No. D-1-GN-18-001738, Honorable Maria Cantú Hexsel, Presiding

---

February 16, 2022

## CONCURRING OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

I concur with the majority's conclusion that Appellee, Kerr, failed to submit evidence he was "treated less favorably than similarly situated members of the opposing class." *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000); *Romo v. Texas Department of Transportation*, 48 S.W.3d 265, 270 (Tex. App.—San Antonio 2001, no pet.)). I therefore join with the majority in its holding

the trial court erred in denying Appellant's, Texas Department of State Health Services ("TDSHS"), plea to the jurisdiction.

However, I write separately because the second portion of the opinion is unnecessary to the Court's final disposition of this appeal[1] and risks misapplying the law in future cases. Specifically, I disagree with the opinion's statement that if it had been necessary to examine additional evidence under the tripartite *McDonnell Douglas* burden-shifting framework,[2] Kerr would be required to raise a fact question that TDSHS's explanation for terminating him "was a pretext <u>and</u> that he would not have been terminated but for his race or age." Op. at 23 (emphasis added) (citing *Alamo Heights*, 544 S.W.3d at 782*; Waggoner v. Garland*, 987 F.2d 1160, 1166 (5th Cir. 1993)). Requiring a plaintiff to prove "pretext-plus"-discriminatory animus has not been the controlling law for more than 20 years.

In 2000, the United States Supreme Court unanimously wrote that evidence of falsity in an employer's proffered reason for its adverse employment decision may permit the factfinder to infer the employer was actually motivated by an intent to discriminate unlawfully:

> Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional

---

[1] TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). It is unnecessary to assess Appellant's reason for terminating Kerr because the burden of production only shifts after the plaintiff succeeds in proving its prima facie case. *Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 312 (Tex. 2020) (quoting *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)).

[2] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Texas courts "consistently look to federal law to inform our construction and application of the TCHRA because one of its purposes is to 'provide for the execution of the policies of Title VII.'" *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 764 n.5 (Tex. 2018); TEX. LAB. CODE ANN. § 21.001(1).

2

discrimination, and it may be quite persuasive. In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt." Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision. Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

*Reeves*, 530 U.S. at 147-48.[3] Since *Reeves*, lower courts have rejected the "pretext-plus" approach when assessing evidence of discrimination. *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 223 (5th Cir. 2000) (acknowledging *Reeves*' repudiation of the "pretext-plus" approach); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001) (citing *Reeves* and holding, "The plaintiff can usually provide sufficient evidence of discriminatory intent by showing that the employer's proffered reason for the adverse action is false."); *Tex. Dep't of Agric. v. Latting,* No. 03-17-00603-CV, 2018 Tex. App. LEXIS 2002, at *10 (Tex. App.—Austin Mar. 21, 2018, no pet.) (mem. op.).

Had the Court needed to assess the evidence under the third prong of the *McDonnell Douglass* burden-shifting approach, I would note the numerous inconsistencies in the record that point to a genuine issue of material fact as to whether TDSHS's proffered reasons for terminating Kerr were false. As noted above, however, that was not necessary for disposition of the present appeal because Kerr failed to meet

---

[3] The high court also observed there may be some instances where a showing of pretext is not sufficient to permit an inference of discrimination, as when "the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Reeves*, 530 U.S. at 148.

his burden under the first prong, causing Appellant's first issue to be sustained.  I agree with and join in the majority opinion's disposition of the first issue, alone.


                                                  Lawrence M. Doss
                                                  Justice