**Opinion issued July 15, 2025.**



**In the**

# Court of Appeals

**for the**

# First District of Texas

———————————

**NO. 01-23-00582-CV**

———————————

**KIMBERLY GANTT, AS INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF AMIER GANTT, Appellant**

**v.**

**HARRIS COUNTY, Appellee**

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-54479**

---

## MEMORANDUM OPINION

Appellant Kimberly Gantt files this appeal as a representative of the estate of her deceased husband, Amier Gantt. Harris County terminated Amier roughly six months after hiring him as an information technology specialist, and two days after Amier, who was African-American, was party to a physical altercation with a

White co-worker. Amier challenged his termination and brought an employment discrimination claim against the County. The trial court granted summary judgment against Amier, and Kimberly appeals from that decision.

We affirm.

## Background

On September 28, 2015, Amier was involved in an altercation with another Harris County IT specialist at their shared workplace. The parties dispute how the altercation began, but agree that it became physical and involved Amier's physically restraining his co-worker. After investigating the incident, the County terminated Amier on September 30, 2015.

Amier filed a complaint of discrimination with the EEOC on January 6, 2016. The EEOC mailed a "right to sue" letter to Amier on October 11, 2016. The record on appeal does not reflect when Amier received that letter. Kimberly claims that Amier requested a notice of a right to file a civil action from the Texas Workforce Commission (TWC) but never received one.

On August 15, 2017, Amier filed suit against Harris County and two other defendants asserting a Texas Commission on Human Rights Act (TCHRA) race discrimination claim related to the County's termination of his employment. On April 6, 2018, the trial court dismissed all claims against the two other defendants. Amier served Harris County with the lawsuit on April 19, 2018.

Amier died in September 2018.

In January 2019, the County filed an amended answer in which it pleaded *inter alia* that (1) Amier's "race discrimination claim is barred because Plaintiff failed to file his lawsuit within 60 days of receiving his Right to Sue letter from the Texas Workforce Commission" and (2) Amier's race discrimination claim "is also barred by the 2-year statute of limitations because Plaintiff failed to use due diligence in serving Harris County with the lawsuit prior to the expiration of the 2-year statute of limitations."

Also in January 2019, the County filed a plea to the jurisdiction arguing that Amier's employment discrimination claim did not survive his death because there is no right of survivorship and no waiver of immunity for a survivorship claim brought under the Texas Labor Code for discrimination. In March 2019, the trial court granted the County's plea and dismissed the case. In January 2023, in *Gantt v. Harris Cnty.*, 674 S.W.3d 553 (Tex. App.—Houston [1st Dist.] 2023, no pet.), this Court reversed the trial court's ruling, holding that Amier's TCHRA claim survived his death and that the County had waived its immunity. *Id.* at 560-64.

In February 2019, the County filed a motion for summary judgment on the grounds that (1) Amier had not filed his lawsuit within the limitations period contained in section 21.254 of the Texas Labor Code, which the County argued required Amier to file suit within 60 days of receiving his right-to-sue letter from

3

the EEOC; (2) Amier failed to exercise due diligence in serving the County within the limitations period; and (3) the County was justified in terminating Amier and did not terminate him based on his race. The County also sought a no-evidence summary judgment on the grounds that there was no evidence (1) that the County had treated Amier differently from the co-worker with whom he had his altercation, (2) that the co-worker was similarly situated, (3) that Amier suffered any injury as a result of the altercation, or (4) that the County terminated Amier for any reasons other than "his admission that he was physically violent . . . or his concession that he instigated an argument with [his co-worker] for the second time after being warned he would be terminated if it happened again."

On July 14, 2023, the trial court heard argument on the County's motions for summary judgment. At the hearing, the trial court stated: "I find that the two -- there are two big issues with it, are that it was not filed within 60 days of the receipt of the right-to-sue letter. And then there was the statute-of-limitations concern."[1] The trial court noted further that Amier had "not provided me any evidence of when [the County was] served or that it was a reasonable amount of time." The trial court concluded: "Summary judgment is granted because I don't

---

[1] The trial court issued its ruling prior to this Court's holding in *City of Pasadena v. Poulos*, No. 01-22-00676-CV, 2023 WL 7134974 (Tex. App.—Houston [1st Dist.] Oct. 31, 2023, no pet.), that the 60-day statute of limitations in section 21.254 is triggered by the plaintiff's receipt of a right-to-file-a-civil-action notice from the TWC and not by the receipt of a right-to-sue letter from the EEOC. *Id.*, 2023 WL 7134974, at *7.

see anything in the record reflecting statute of limitations . . . and I don't think it's timely filed." However, on July 14, 2023, the trial court signed a written order in which it granted the County's "motions" for summary judgment without stating its grounds for doing so.

## Standard of Review

We review de novo the trial court's summary judgments. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021). The burden then shifts to the nonmovant to produce more than a scintilla of evidence raising a genuine issue of material fact on each challenged element. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *King Ranch*, 118 S.W.3d at 751. If the nonmovant does not meet its burden, the trial court must grant the motion for summary judgment on no-evidence grounds. Tex. R. Civ. P. 166a(i).

To determine if the nonmovant has raised a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Fielding*, 289 S.W.3d at 848. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

To prevail on a traditional summary judgment motion, the movant must establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Crim. Just.*, 148 S.W.3d 374, 381 (Tex. 2004). Where, as here, the trial court's summary judgment does not state the basis for the court's decision, we must uphold the judgment if any of the theories advanced in the motion is meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

### Applicable Law

The TCHRA, codified in Chapter 21 of the Texas Labor Code, makes it unlawful for an employer to discriminate against an employee with respect to compensation or the terms, conditions, or privileges of employment because of race, color, disability, religion, sex, or national origin. TEX. LAB. CODE § 21.051. Under the TCHRA, an employer commits an unlawful employment practice if, because of an employee's race, the employer "discharges an individual, or

discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment . . . ." *Id.* § 21.051(1).

There are two alternative methods of proof in a discriminatory treatment case—one based on direct evidence and the other based on circumstantial evidence. *Donaldson v. Tex. Dep't of Aging & Disability Servs.*, 495 S.W.3d 421, 433 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476–77 (Tex. 2001)); *see also Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994) (stating "direct evidence of employment discrimination is rare"); *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 782 (Tex. 2018) (stating employees can establish prima facie case of discrimination with circumstantial evidence because "smoking guns are hard to come by").

If the employee seeks to prove discrimination based on circumstantial evidence, courts analyze the claim under the burden-shifting framework established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). *Donaldson*, 495 S.W.3d at 433. Under that framework, (1) the plaintiff must create a presumption of illegal discrimination by establishing a prima facie case; (2) the defendant must then rebut that presumption

7

by establishing a legitimate, nondiscriminatory reason for the employment action; and (3) the plaintiff must then overcome the rebuttal evidence by establishing that the defendant's stated reason is a mere pretext. *Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 709 S.W.3d 500, 505 (Tex. 2024). One way an employee can establish a prima facie case of race discrimination is by showing: (1) he is a member of a protected class, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) his employer gave preferential treatment to a similarly situated employee outside the protected class. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 583-84 (Tex. 2017) (citing *Green*, 411 U.S. at 802). The United States Supreme Court has emphasized that the standard for establishing a prima facie case is "not onerous." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 228 (2015).

## Analysis

### A. Scope of review on appeal

While the trial court's comments at the summary judgment hearing indicated that it was granting summary judgment for the County on limitations grounds, under section 21.254,[2] it signed an order in which it granted both the County's

---

[2] Section 21.256 of the TCHRA contains a two-year limitations period that runs from the date of the filing of an administrative complaint, but the County did not seek summary judgment under section 21.256, stating in its motion that section 21.256 was "not applicable to this case since [Amier] requested and received a Right to Sue Letter, thus triggering the applicability of [section] 21.254, which has a shorter 60-day limitations period."

traditional and no-evidence motions for summary judgments and did not state the grounds for its ruling. The trial court's order must thus be upheld on appeal if any argument raised by the County in its motions for summary judgment was meritorious. *See Knott*, 128 S.W.3d at 216 (where trial court's summary judgment does not state basis for court's decision, judgment must be affirmed if any theory advanced in motion is meritorious); *see also Valentine v. Interactive Brokers LLC*, No. 01-15-00943-CV, 2017 WL 3597735, at *8 n.9 (Tex. App.—Houston [1st Dist.] Aug. 22, 2017, pet. denied) ("A trial court's comments during a hearing do not constitute written findings and conclusions.").

**B.** **Amier presented no evidence that he and his co-worker have similar disciplinary records**

Amier's race discrimination claim is based on his allegation that the County deprived him of an equal employment opportunity that was provided to the co-worker with whom Amier had his altercation—a non-African-American co-worker who, Amier alleged, was a "similarly situated" employee. In its summary judgment motions, the County argued that Amier had failed to make his required showing that the County gave preferential treatment to a similarly situated employee outside of the protected class to which Amier belonged. The County did not dispute that it did not terminate the co-worker with whom Amier had an altercation, or that the co-worker was outside Amier's protected class, but argued

that Amier presented no evidence that he and the co-worker were "similarly situated."

"Employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct." *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005). "To prove discrimination based on disparate discipline, the disciplined and undisciplined employees' misconduct must be of 'comparable seriousness.'" *Id.* at 917 (quoting *McDonnell Douglas*, 411 U.S. at 804). While this standard does not require "precise equivalence" in culpability, *id.*, a plaintiff must usually show that the employees' disciplinary records and conduct were "nearly identical," *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 594 (Tex. 2008). "Employees with different . . . work rule violations . . . or disciplinary records are not considered to be 'nearly identical.'" *Id*. (citing *Monarrez*, 177 S.W.3d at 917).

The County argued in the trial court that Amier and his co-worker were not similarly situated because, a few months before Amier's physical altercation with the co-worker, Amier had been disciplined for behavior directed at the same co-worker that "was construed as argumentative and hostile." The County showed that, based on that conduct, Amier was given notice that any future "incident of this nature" or "violation of Harris County or departmental policy" would "result in disciplinary action up to and including termination." The County also pointed to

evidence that Amier physically injured his co-worker in the altercation and was not injured by the co-worker.

Because Amier did not offer direct evidence of illegal discrimination in response to the County's summary judgment motions, he was obliged to make a prima facie showing that would create a presumption of illegal discrimination. *Donaldson*, 495 S.W.3d at 433. Amier argued in response to the motions that, by terminating him and not his co-worker after the altercation between them, the County had given preferential treatment to a similarly situated employee outside Amier's protected class. He argued further that discovery had not yet commenced and that the County had not provided to him a copy of the records that would include any disciplinary actions taken against his co-worker. In its reply to Amier's response, the County showed that it had filed its summary judgment motions on the last day of the discovery period, and noted that Amier had served no discovery requests during that period.

Amier alleged in his EEOC complaint and his petition that his co-worker had been disciplined prior to the altercation based on complaints Amier had made against him. However, there is no evidence in the record on appeal that supports that disputed allegation. *Cf. Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 819 (Tex. 2021) (stating that party cannot rely on its own pleaded allegations, even when sworn or verified, as evidence in opposing

summary judgment). In addition, Amier did not allege that the disciplinary action taken against his co-worker included a warning similar to that received by Amier—i.e., that any similar misconduct could result in his termination.

In a motion filed the evening before the summary judgment hearing, in which Amier sought to file a sur-reply over the County's opposition, Amier alleged that his co-worker "was sent to an Anger Management course." However, again, there is no evidence in the record on appeal that supports the allegation. Moreover, Amier alleges that his co-worker was sent to the anger management course as a *consequence* of the physical altercation at issue—i.e., after rather than before the altercation.

As a result, Amier failed to raise a fact issue to support a prima facie case of discrimination based on his race and the trial court did not err in granting summary judgment against him. *See McKenna v. Baylor Coll. of Med.*, No. 01-15-00090-CV, 2016 WL 1714870, at *7 (Tex. App.—Houston [1st Dist.] Apr. 28, 2016, no pet.) (affirming trial court's summary judgment against employee, despite evidence that allegedly similarly situated employees were not terminated for not meeting productivity requirements, because evidence showed that employee was terminated based on series of events and not just her lack of productivity); *Shanklin v. Tex. Dep't of Criminal Justice—Institutional Div.*, No. 01-09-00502-CV, 2012 WL 2923117, at *4 (Tex. App.—Houston [1st Dist.] July

12, 2012, no pet.) (affirming trial court's summary judgment against employee due in part to employee's failure to "identify any employee with a comparable disciplinary record who was not recommended for dismissal").

Because we hold that the trial court did not err in granting a summary judgment against Amier based on his failure to raise a fact issue to support a prima facie case of discrimination based on his race, we need not consider whether it would have been proper for the trial court to grant summary judgment against Amier based on any of the other arguments on which the County based its summary judgment motions.

## Conclusion

We affirm the trial court's summary judgment against Amier Gantt on his discrimination claim.

Amparo "Amy" Guerra
Justice

Panel Consists of Justices Guerra, Gunn, and Dokupil.