

## NUMBER 13-24-00159-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

CITY OF BROWNSVILLE, TEXAS,                                    Appellant,

v.

VALERIE GARCIA,                                                Appellee.

## ON APPEAL FROM THE 445TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices Peña and West
### Memorandum Opinion by Chief Justice Tijerina

Appellant the City of Brownsville (the City) appeals the trial court's denial of its plea to the jurisdiction. By its sole issue, the City argues that the appellee Valeria Garcia failed to establish a prima facie case under the Texas Labor Code. We reverse and render.

### I.     BACKGROUND

Garcia was a full-time municipal court judge for the City from 2014 to 2018. In

August 2021, Garcia learned that Rene De Coss was selected as the City's presiding municipal court judge.

On February 11, 2022, Garcia filed a charge of discrimination with the Texas Workforce Commission Division of Civil Rights. Her complaint was dismissed when Garcia instead filed a civil action.

On January 27, 2023, Garcia filed suit against the City alleging violations of the Texas Commission on Human Rights Act (TCHRA) and discrimination by an employer under § 21.051 of the Texas Labor Code. According to Garcia's petition, the City did not post or publish a job opening for the position of presiding municipal court judge, so the City did not provide her an opportunity to apply, interview, or be considered. She alleged that De Coss was acting as the City's City Attorney when he was selected for the presiding municipal judge position. Thus, the City discriminated against her based on her sex when it hired a male for that position. Garcia alleged that the City had a history of discriminatory behavior and animus against females being considered for municipal judges. She sought lost earnings, special damages, past and future mental anguish, and attorney's fees and costs.

The City filed a plea to the jurisdiction, arguing that Garcia did not apply for the position, so the City is not an employer in this context, and Garcia does not meet the definition of employee. The City further argued that there is no employment relationship between Garcia and the City because municipal court judges are members of the judiciary, are public officials, and are not employees. The City attached § 66-6 of its city ordinances stating that the city manager "shall appoint the presiding judge." Therefore, the City could not have discriminated against her when it did not afford Garcia the

2

opportunity to apply for the position. Lastly, the City argued that Garcia failed to establish a prima facie case because De Coss had eighteen years of experience as a municipal judge, and Garcia only had eight years of experience of the same. Therefore, according to the City, Garcia did not have the same history and tenure as De Coss. The City further attached its discovery responses, Garcia's deposition, De Coss's deposition, and depositions of the City Manager Noel Bernal and Human Resource Director Perla Cepeda.

The trial court held a hearing on the City's plea. Following a hearing, the trial court denied the City's plea to the jurisdiction. This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## II. STANDARD OF REVIEW

The city, as a governmental unit, is immune from suit unless the state consents. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When the plaintiff states a claim for conduct that actually violates the TCHRA, the statute waives immunity. *Id.* Immunity from suit may be asserted in a plea to the jurisdiction *Id.* If the plea challenges the existence of jurisdictional facts, as is the case here, we must move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim. *Id.* at 170–71. "In such cases, the standard of review mirrors that of a traditional summary judgment: [I]f the plaintiffs' factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal plaintiffs must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction." *Id.* at 171 (internal quotations omitted). "In determining

whether a material fact issue exists, we must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor." *Id.* However, "we cannot disregard evidence necessary to show context, and we cannot disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not." *Id.*

Under the *McDonnell Douglas* framework, the plaintiff is entitled to a presumption of discrimination if she can present a prima facie case of discrimination. *See Mission Consol. I.S.D. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012). "Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to provide a legitimate, nondiscriminatory reason for the employment action." *Metro. Transit Auth. of Harris Cnty. v. Douglas*, 651 S.W.3d 122, 128 (Tex. App.—Houston [14th Dist.] 2021, no pet.). "If the defendant articulates a legitimate, nondiscriminatory reason for its decision, the burden then shifts back to the plaintiff to show either that the stated reason was a pretext for discrimination or that . . . discrimination was also a motivating factor for the adverse employment action." *Id.*

### III. GENDER DISCRIMINATION

The City claims the trial court erred in denying its plea to the jurisdiction as to Garcia's gender discrimination claim.

### A. Applicable Law

The TCHRA provides that an employer commits an unlawful employment practice if because of sex the employer fails or refuses to hire an individual or limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive

4

that individual for any employment opportunity. *See* TEX. LAB. CODE ANN. § 21.051.

To establish a prima facie case of gender based employment discrimination, Garcia was required to plead and produce evidence (1) that she was a member of a class protected by the TCHRA, (2) that she was qualified for the employment position, (3) that she was subject to adverse action, and (4) that she was treated less favorably than similarly situated members of the opposing class. *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008) (per curiam); *Coll. of the Mainland v. Glover*, 436 S.W.3d 384, 393 (Tex. App.—Houston [14th Dist.] 2014, pet. denied (finding the same elements are required for claims of disparate treatment). The City challenges the second and fourth elements.

"Employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 584 (Tex. 2017). "[T]heir situations and conduct must be nearly identical." *Cnty. of El Paso v. Aguilar*, 600 S.W.3d 62, 84 (Tex. App.—El Paso 2020, no pet.) (internal quotation omitted). "Employees with different responsibilities, supervisors, and capabilities are not 'similarly situated[.]'" *Id.* (quoting *Exxon*, 520 S.W.3d at 584); *see also Herbert v. City of Forest Hill*, 189 S.W.3d 369, 376 (Tex. App.—Fort Worth 2006, no pet.) ("More favorable treatment of a person outside a protected class can be used to show discrimination only if the circumstances are nearly identical.").

## B. Discussion

At the plea hearing, Garcia alleged that the City discriminated against her based on her sex when it hired De Coss as its presiding municipal judge without affording her the opportunity to apply for the position. In her appellate brief, Garcia claims she raised

claims of "disparate impact" and "disparate treatment." Garcia claims that she need not show she was similarly situated to De Coss to raise a prima facie case of discrimination because such a requirement only applies in "employee discipline cases." We disagree. Elements of gender discrimination, including claims of disparate treatment—as Garcia alleges here—require that Garcia show she was treated less favorably than a similarly situated male. *See Aguilar*, 600 S.W.3d at 83–84 (holding that claims of "disparate treatment" require the plaintiff to establish she was "treated less favorably than similarly situated members of the opposing class"); *Glover*, 436 S.W.3d at 393 ("For claims of disparate treatment, a prima facie case is made by showing that the plaintiff . . . was treated less favorably than similarly situated persons not in the protected class."); *see also Tex. State Off. of Admin. Hearings v. Birch*, No. 04-12-00681-CV, 2013 WL 3874473, at *15 (Tex. App.—San Antonio July 24, 2013, pet. denied) (mem. op.) ("[A]n employee who proffers a fellow employee as a comparator must demonstrate the employment actions were taken under nearly identical circumstances.").

Garcia alleges that she need only prove that she and De Coss are "similar enough to enable a meaningful comparison," and here she and De Coss are both licensed attorneys bound by the same ethics rules. However, the Texas Supreme Court has held that "[e]mployees are similarly situated if their circumstances are comparable in all material respects," *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005) (per curiam), not just "similar enough" as Garcia suggests. *See Remaley v. TA Operating LLC*, 561 S.W.3d 675, 681–82 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (following "binding Texas Supreme Court case law" and holding that claims of gender discrimination "in employment predicated on alleged disparate treatment" required the

6

male plaintiff "to proffer evidence tending to show he was treated less favorably than a similarly situated person who was female"); *Univ. of Tex. Med. Branch at Galveston v. Petteway*, 373 S.W.3d 785, 789 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (finding that in a gender discrimination claim, the "undisputed evidence" established the parties were "not similarly situated").

The Fifth Circuit has articulated a similar standard, stating that employees are similarly situated if their circumstances are "nearly identical." *See Perez v. Tex. Dep't of Crim. Just., Institutional Div.*, 395 F.3d 206, 213 (5th Cir. 2004); *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001). Therefore, we decline to adopt the "similar enough" standard as Garcia suggests. Instead, we determine whether the evidence demonstrated Garcia and De Coss were similarly situated.

"Courts have recognized that employees are not similarly situated when they lack comparable years of service." *Glover*, 436 S.W.3d at 394 (finding that female and male employees were not similarly situated where the employees had higher levels of education, seniority, and their professional experience varied widely). Here, there was evidence that De Coss had at least eighteen years' experience as a municipal judge for the City while Garcia had only four years' serving as a municipal judge for the City. *See id.* De Coss testified that he had at least twenty-five years' experience working for the City in different capacities, as presiding judge, associate judge, and city attorney. Furthermore, De Coss had experience as a district court judge, and he was currently the City's City Attorney. *See Hobbs v. Ketera Techs.*, 865 F.Supp.2d 719, 730 (N.D. Tex. 2012) (finding a prima facie case was not shown where the claimant had been working for the employer for over a year whereas the comparator had been working for

7

approximately six months).

Additionally, De Coss testified that there was a concern with the City regarding Garcia living in Harlingen and not signing warrants on time. According to De Coss, "he knew" Garcia was not signing warrants on time when she was on call because at least two other judges "had to fill in [for Garcia] when [they were] not on call or duty because she was not available" to sign warrants. This occurred on the other judges' "days off and on days that [they] were not on call, [they] were asked to come in."

Garcia attached the former City Manager Michael Lopez's affidavit in her response to the City's plea. Lopez stated that although Garcia served two terms as associate municipal judge for the City, "[a]pproximately 30 days prior to [her] second term ending, I began interviewing other possible candidates for associate municipal court judge" "due to the fact that I needed a judge who was more accessible" and because "Garcia lived in Harlingen . . . which is approximately 30 miles away," she "was not available to sign warrants outside of court hours." Because she was not available, "this then left the other two judges to be available and sign warrants at various odd hours of the day and night."

Based on the foregoing, we find that Garcia and De Coss are not similarly situated, and the circumstances in this case are not nearly identical. *See id.* ("Glover's tenure at the College is shorter than C.J.'s by seven years. Their circumstances are not nearly identical for comparison purposes."); *Herbert*, 189 S.W.3d at 376 ("More favorable treatment of a person outside a protected class can be used to show discrimination only if the circumstances are nearly identical."); *see also Tex. Dep't of Aging & Disability Servs. v. Gomez*, No. 08-23-00177-CV, 2024 WL 4007820, at *6 (Tex. App.—El Paso Aug. 30, 2024, no pet.) (mem. op.) ("Without evidence of a valid comparator who was treated more

8

favorably, we conclude that Gomez failed to present evidence in support of the fourth element of a prima facie case for age or sex discrimination."); *Edwards v. Grand Casinos of Miss., Inc.*, 145 Fed. App'x. 946, 948 n.2 (5th Cir. 2005) (per curiam) (noting that as to the similarly situated requirement, circumstances surrounding the compared employees must be "nearly identical"). Because the parties were not similarly situated, Garcia failed to establish a prima facie case of gender discrimination under the TCHRA. *See Garcia*, 372 S.W.3d at 634. Accordingly, the trial court erred when it denied the City's plea to the jurisdiction. We sustain the City's sole issue.

## IV. CONCLUSION

We reverse the trial court's judgment, and we render judgment dismissing Garcia's claims against the City.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
18th day of December, 2025.

9